PETER BOEHEN and MAGDELINA BOEHEN, Respondents, v. THE
WILLIAMSBURGH CITY INSURANCE COMPANY, Appellant.

Although, by the printed terms of the policy, it is stated that no policy will be
considered binding until the premium is paid, yet the agent may waive such
condition, and give a short credit.

The delivery of a policy, without requiring payment, raises a presumption that
a short credit is intended.

Where it is to be inferred, from the facts of the case, that a credit is intended,
the policy will be valid, though the premium has not been paid.

APPEAL from the judgment of the Supreme Court at Gen-
eral Term, affirming the judgment entered upon report of a
referee, in the City Court of Brooklyn.

The plaintiffs, heirs-at-law of Henry Boehen, deceased,
brought this action to recover the loss by fire of two houses
in Brooklyn, under a policy of insurance and a certificate of
renewal given by the defendant for their benefit. The
original policy insured the plaintiffs from Nov. 26, 1856, to
Nov. 26, 1857. The policy provided that the insurance
(the risk not being changed) might be continued for such
further time as should be agreed upon, provided the pre-
mium therefor was paid and indorsed on the policy or a
receipt given for the same. One of the conditions of the
policy was, that " no insurance, whether original or continued,
shall be considered as binding until the actual payment of
the premium."

It appeared upon the trial that at the expiration of the
year, a certificate of renewal was made out in the office of
the company and delivered to the plaintiffs' agent with-
out prepayment of the premium. Nothing appears to have
been said as to giving credit, nor did it appear that the
company had been in the habit of giving the plaintiffs
credit for premiums. But there was evidence that the agent
of the plaintiffs applied for an additional insurance when the
certificate was delivered to him, and that application was
under advisement when the fire occurred.

The plaintiffs' agent was frequently in the office after that,

and up to the time of the fire, making inquiries as to the result of his application for further insurance; and nothing was said as to the payment of the premium upon the certificate of renewal.

The certificate was delivered to the plaintiffs' agent on the 24th of November, and the fire occurred on the 14th of December. The day after the fire, the plaintiffs' agent tendered the premium, which was refused by the company.

The defendant moved for a nonsuit, which was refused by the referee, who reported in favor of the plaintiffs for the whole amount of the insurance, $2,200, with interest, deducting the premium, $24.70.

The defendant's attorney excepted to several of the findings of the referee, and especially to his finding of the fact that there was a waiver of prepayment of the premium.

*J. H. Reynolds*, for the appellant.

*C. M. Briggs*, for the respondents.

MORGAN, J.    The case is not made up in such a form as to present any question for review except the question arising out of the refusal of the referee to order a nonsuit; and this question requires the court to examine the evidence relied upon to show a waiver of one of the conditions of the policy of insurance, which provides, in express terms, that " no insurance, whether original or continued, shall be considered as binding until the actual payment of the premium." This clause, in policies of insurance, has been before the court in several cases, and has received a judicial construction which leaves no room to question the authority of a general agent to make a valid insurance without exacting prepayment of the premium. It was so held in *Goit* v. *The National Policy Insurance Company* (25 Barb., 189). In that case, however, the proofs showed that the agent agreed to give credit until he made his returns to the company; and, after the fire occurred, he accepted payment of the premium. The same point was decided in this court in *The Trustees of the First Baptist Church* v. *The Brooklyn Fire Insurance Company*

(19 N. Y., 305), and in *Sheldon* v. *The Atlantic Insurance Co.* (26 N. Y., 460), where the general agent sent a certificate of renewal by mail to the plaintiff, with a statement that the premium charged was higher than usual, and saying: " Should you decline the policy, please return it by mail ; if you retain it, please send me the premium." The court decided that this was evidence which would authorize a jury to find that there was a waiver by the defendants of the pre-payment of the premium. But in *Wood* v. *The Poughkeepsie Mutual Insurance Company* (32 N. Y., 619) the plaintiff was nonsuited and the judgment of nonsuit sustained in this court, upon the ground that there was no evidence to authorize the jury to find such a *waiver*. The case states that the agent had delivered over the certificate of renewal to the plaintiff's clerk in the plaintiff's absence, *on condition* that when he came home he should pay the premium if he accepted, and return the policy if he declined it. The plaintiff neither paid the premium nor returned the policy. Judge PORTER, who delivered the prevailing opinion, says that the agent, on leaving the policy with the plaintiff, made it an express condition .that the premium should be paid, or the policy returned ; but that the plaintiff undertook to appropriate the policy in disregard of the condition, and without the consent of the company. This opinion was concurred in by a majority of the judges. Judge DAVIS wrote a dissenting opinion, in which he referred to certain portions of the evidence as indicating an assent on the part of the agent to the plaintiff's retaining the policy without prepayment of the premium. He was of opinion that the prior dealings between the plaintiff and agent of the company, in respect to other policies where credit had been given for the premiums, should have been admitted in evidence, from which the jury might have inferred a waiver of prepayment of the premium. He thought it was difficult to perceive any substantial distinction between the case in hand and that of *Sheldon* v. *The Atlantic Fire Insurance Company* (26 N. Y., 460). Two of the judges concurred with him.

It is not necessary to say, nor do I perceive, that the two

cases above referred to are in conflict. The principle decided is the same in both cases; the disagreement among the judges having arisen more from the different impressions which the same state of facts left upon their minds, than from any difference of opinion as to the law of the case.

In the case at bar, so far as the evidence discloses the circumstances, the certificate of renewal was delivered by the agent of the company without qualification or condition; and there is some evidence which tends to prove that its existence as a valid insurance was recognized by the president during the subsequent negotiation for an increase of insurance upon the same property. The evidence, taken together, leaves but little doubt that the certificate was delivered to the plaintiff's agent without exacting *prepayment* of the premium, with an understanding that it was to be paid on demand, or when the question of an additional insurance was settled by the company.

As a general rule, agents of insurance companies should not deliver over policies without payment of the premiums, if they do not intend to give a credit.

The mere fact of such delivery, without condition, raises a presumption that a short credit is intended. The delivery of the policy in *Wood* v. *Poughkeepsie Insurance Company* was held to be conditional, from the language of the agent and the circumstances attending the transaction; otherwise the company would have been held liable for the plaintiff's loss. Judge PORTER observed, in that case, that the law would have implied a waiver, if the policy had been delivered by the agent without requiring payment of the premium, and had been accepted by the plaintiff as a complete and executed contract.

In the case at bar there is no ground upon which to predicate a conditional delivery of the certificate of renewal, except what arises out of the terms of the original policy, and we have seen that an actual and unconditional delivery of the policy, without requiring prepayment, will be construed into a waiver, notwithstanding the terms of the written policy. I am satisfied that, in a great majority of cases, such

is the understanding of both parties when a policy is delivered over to the insured without exacting payment of the premiums, and that the rule, as stated by Judge PORTER in *Wood* v. *The Poughkeepsie Insurance Company* (*supra*), is correct, and should be applied to this case.

The judgment should be affirmed.

Affirmed.