# THE PROVIDENT LIFE INSURANCE COMPANY OF CHICAGO

*v.*

# MARY FENNELL.

1. INSURANCE—*against accidents.* In an action on a policy of insurance, against death by accidents, the court refused to permit the defendant to give in evidence the application of the assured, showing, that at the time of the insurance, his occupation was that of a "switchman," and to prove in connection therewith, that the assured was killed while in the performance of the duties of a "brakesman." *Held,* that this evidence was immaterial. That the mere representation by the assured, that he was a "switchman," did not amount to a contract that he would do no act not connected with such occupation, or that he would not engage in any different one.

2. SAME—*policy must provide for the cases in which protection from liability is sought.* In such case the defendant cannot protect itself from liability, inasmuch as the policy was not against accidents occurring in the occupation of the assured, but against accidents generally and enumerated the particular cases in which the company could not be held liable, but did not provide that it would not be liable for death occurring from a cause not connected with the occupation of the assured, or that he should not change his occupation.

3. SAME—*acknowledgment in policy of the receipt of the premium—cannot be controverted.* Where a policy of insurance, acknowledges the receipt of the premium, proof that it had not been paid, will not be permitted.

APPEAL from the Superior Court of Chicago.

The facts in this case sufficiently appear in the opinion.

Mr. GEORGE H. HARDING, for the appellant.

Mr. HERVEY, ANTHONY & GALT, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a suit brought by Mary Fennell against the Provident Life Insurance Company, upon a policy issued upon the

life of her deceased husband. The plaintiff had a verdict and judgment and the defendant appealed.

It is now urged for appellant, that the court erred in not permitting the defendant to give in evidence the application of deceased for the insurance, showing that his occupation at the time of the insurance was that of a switchman on a railway, and to prove in connection with this evidence, that he was killed while performing the duties of a brakesman. The insurance was against death by accident. The evidence offered, if admitted, would have been immaterial. The representation was merely that the occupation of the deceased was then that of a switchman, the truth of which is not denied, and did not amount to a covenant that he would do no act not connected with such occupation, or that he would not engage in any different occupation. *N. E. M. & F. Ins. Co.* v. *Whitmore*, 32 Ill. 223 The policy was not against accidents occurring in the course of his occupation, but against accidents generally, and provided expressly in what particular cases the company was not to be liable, but did not provide that it would not be liable for death occurring from a cause not connected with the occupation of the assured, or that he should not change his occupation. If the company had desired to protect itself from all liability, except for accidents occurring in a particular occupation, it should have so expressly stipulated. That it did not understand its own policy as only covering so narrow a ground is evident from the fact, that it did expressly guard itself against liability for death or injury incurred through war, riot, or invasion, or while the assured was in a state of intoxication, or from riding races, dueling or fighting.

It is also objected, that the court did not permit the company to prove the premium had not been fully paid. The policy acknowledged the receipt of payment, and we have decided in a case not yet reported, that this statement of a policy could not be controverted.

*Judgment affirmed.*