O'REILLY v. GUARDIAN MUTUAL LIFE INSURANCE COMPANY, appellant.

*Life insurance — payment of premiums — preliminary proof — liability for acts of agent.*

A New York life insurance company issued through its agent in Rhode Island, a policy upon the lives of plaintiff and her husband payable to the survivor. The policy provided, that in case the premiums should not be paid when due the policy should be void; but no place of payment of premiums was specified in the policy. At the time the insurance was effected, the agent stated that he would call for the premiums, and he did call and collect two premiums, but did not call for the third, which was not paid. The husband having died, plaintiff wrote to the company stating the fact of his death. The company retained the letter and did not request any other notice of his death. In an action on the policy, *held*, that the company must be deemed to have waived all defects, if any, in the preliminary proof of the death of the husband, and that the jury having found that the plaintiff was not negligent in not seeking out a person to pay the premium to, and having found a verdict for plaintiff, the judgment thereon should be affirmed. The plaintiff should not be prejudiced by the act of

the agent, although the policy contained a clause that the agents of the company were not authorized to " make, alter or discharge contracts or waive forfeitures."

APPEAL from an order denying a new trial, and from a judgment at circuit in favor of the plaintiff. The action was brought by Ellen O'Reilly against The Guardian Mutual Life Insurance Company of New York, upon a policy issued by defendant upon the life of plaintiff and that of her husband, Michael O'Reilly, for the sum of $5,000, payable to the survivor. The opinion states the case.

*Miller, Peet & Opdyke*, for appellant, cited as to the necessity of particular preliminary proofs, *Owen* v. *Farmers' Ins. Co.*, 57 Barb. 520; *Inman* v. *Western Ins. Co.*, 12 Wend. 460; *Davis* v. *Niagara Ins. Co.*, 49 Me. 282; *Taylor* v. *Ætna Life Ins. Co.*, 13 Gray, 434; *Barker* v. *Phenix Ins. Co.*, 8 Johns. 306; *Worsley* v. *Wood*, 6 T. R. 710; *Mason* v. *Harvey*, 8 Exch. 819; *Roper* v. *Lendon*, 1 E. & E. 825; The agent exceeded his authority. *Catoir* v. *Am. Life Ins. & Trust Co.*, 33 N. J. 487-491; *Wall* v. *Home Ins. Co.*, 36 N. Y. 157; *Mayor of New York* v. *Brooklyn Fire Ins. Co.*, 3 Abb. Ct. of App. 251; *Bouton* v. *Am. Mut. Life Ins. Co.*, 25 Conn. 542; Bliss on Life Insurance, 442. The written contract must control. *Ruse* v. *Mut. Ben. Life Ins. Co.*, 23 N. Y. 519; *New York Ins. Co.* v. *Thomas*, 3 Johns. Cas. 1; *Alsten* v. *Mech. Mut. Ins. Co.*, 4 Hill, 329; *Mercantile Ins. Co.* v. *State Ins. Co.*, 25 Barb. 319; *Birmingham* v. *Empire Ins. Co.*, 42 id. 457; *Mellen* v. *National Ins. Co.*, 1 Hall, 452; *Hovey* v. *Am. Mut. Ins. Co.*, 2 Duer, 554; *Howell* v. *Knickerbocker Ins. Co.*, 3 Robt. 232; S. C., 19 Abb. 217; Bliss on Life Ins. 598; 1 Phill. on Ins. 122.

*James Troy*, for respondent, cited upon the question of waiver of defects in preliminary proofs, *Miller* v. *Eagle Life & Health Ins. Co.*, 2 E. D. Smith, 269; *Walsh* v. *Washington Ins. Co.*, 32 N. Y. 442; *Talcott* v. *Marine Ins. Co.*, 2 Johns. 136; Bliss on Life Ins. 108; *Barker* v. *Phenix Ins. Co.*, 8 Johns. 317; *Lawrence* v. *Ocean Ins. Co.*, 11 id. 259; *Child* v. *Sun Mut. Ins. Co.*, 3 Sandf. 41; *Frances* v. *Ocean Ins. Co.*, 6 Cow. 604; *Ætna Fire Ins. Co.* v. *Tyler*, 16 Wend. 401; *McMasters* v. *Westchester Ins. Co.*, 25 Wend. 379; 1 Bigelow's L. & A. Ins. Rep. 375.

TAPPEN, J. The defendants issued a policy for $5,000 upon the lives of plaintiff and her husband, Michael, payable to the survivor,

etc., and the defendants' liability being questioned on the death of Michael this action was brought, which resulted in a judgment for the plaintiff.

The questions presented on the appeal are, first: whether the plaintiff gave defendants sufficient notice and proof of death within the terms of the policy; and, second, whether an omission to pay the last half yearly premium, which accrued before the death of Michael, operated to forfeit the policy.

The policy contained a clause providing for payment of the money in sixty days after due notice and proof of death, after deducting from the amount of policy any indebtedness to the company on account of premium.

The plaintiff gave the defendants the following notice:

"PROVIDENCE, <em>June</em> 3, 1872.

"The Guardian Mutual Life Insurance Company, New York: I hereby inform you that my husband, Michael O'Reilly, whose life was insured in your office by policy 22,016, died in this city on the 15th of May last, after a short illness.

"Yours respectfully,<br>"ELLEN O'REILLY."

The defendants were silent after receiving the notice. They retained it as notice, and did not claim from plaintiff any further notice or proof of death; the policy does not prescribe any form of proof, and the plaintiff would seem to have relied upon the paper as being sufficient proof of death, and as satisfactory to the company. The clause in policies, providing for preliminary proofs, is to be expounded liberally in favor of the assured. *Walsh* v. *Washington Ins. Co.*, 32 N. Y. 442; *Talcott* v. *Marine Ins. Co.*, 2 Johns. 136.

The object of preliminary proofs is to furnish reasonable information, and the clause has been liberally expounded. *Jackson* v. *Gardner*, 8 Johns. 317; *Lawrence* v. *Ocean Ins. Co.*, 11 id. 259. The defendants might have required some other kind of proof of the death of Michael O'Reilly. They failed to do so and must be held to have waived it. *Voss* v. *Robinson*, 9 Johns. 195.

The policy contained the following clause: "In case the premium shall not be paid to the company on or before the time prescribed for the payment of the same, the policy shall thereafter be forfeited, and cease and determine."

The contract was made in Rhode Island, the defendants acting there by their agent, Rockwell. No place for the payment of premium is prescribed in the policy. At the time of effecting insurance, or of delivering the policy, the agent said that he would come around regularly and take up the premium, and otherwise to the effect that he might sometimes be out west; "but you hold it till I come." He did call and collect the two half yearly premiums, but did not call for the premium due January, 1872, and plaintiff was ready to pay, but did not send it to the company's office in New York, because she was waiting for Rockwell to call for it, as he had instructed her.

At the foot of the policy is this clause: "Agents of the company are authorized to receive premiums when due, upon the receipt of an authorized officer of the company, but not to make, alter or discharge contracts or waive forfeitures."

The defendants claim that the promise of their agent to call for the premiums was a violation of this clause, and not binding on them, and not available to the plaintiff as a legal excuse for delay in payment of premiums.

As the policy did not prescribe any place of payment, and was made in Rhode Island, and the company had no office there, and the plaintiff had been in the habit of waiting for and paying the agent when he called, the company should have given the plaintiff notice of any change in their mode of doing business in this respect.

It was shown on the trial that they revoked Rockwell's agency in August, 1871, but, although it was claimed that notice of such revocation had been sent to the plaintiff, the proof fails in that respect, and there is no proof that such notice was sent as claimed, while the plaintiff testifies that she never received it.

The question is, whether the plaintiff shall be prejudiced by the act of the agent. He did say he would call for the premium, and he did call regularly up to a certain time. A custom of the company would seem to be thus established, and I doubt whether either the act or the language of the agent is to be considered a modification of the contract according to its terms, and this conclusion is placed on two grounds; first, it is in harmony with the general features of the business of a foreign insurance corporation that the premiums should be collected by its agent at the place of the making of the contract, and the agent was therefore exercising an implied authority in saying to the assured how and where he would collect

them, or where they should be paid; and secondly, the company is presumed to have had the benefit of collections thus made for the period of a year or more. They never exacted of the plaintiff that she should pay them the premium in New York. *Bohnen* v. *Williamsburgh Ins. Co.*, 35 N. Y. 131.

The half-yearly premium of $157 became due January 7th, 1872; O'Reilly died May 15th, 1872. Rockwell's agency was discontinued in August, 1871. It was not proven that the plaintiff had notice of this discontinuance, or that any other agent was appointed to represent the company.

The court left it to the jury to say whether the plaintiff was chargeable with laches in not seeking out a person to pay the premium to, and that if they found her negligent in this respect, after Rockwell's failure to call, then that the policy had lapsed and she could not recover. *Sheldon* v. *Atlantic Fire Ins. Co.*, 20 N. Y. 460.

No exception was taken to the charge; the jury found for the plaintiff. The exceptions to the testimony do not appear to be tenable. The judgment should be affirmed, with costs.

*Judgment affirmed.*