EQUITABLE INSURANCE CO. *v.* MCCREA, MAURY & CO.

1. INSURANCE. *Policy. Stipulation as to payment of premiums. When waived.* A condition in a policy of insurance that it shall not be considered as binding until the actual payment of the premium, is waived by the delivery of the policy without exacting the payment of the premium, and, *a fortiori*, if in a suit upon the policy the company makes no defense on this ground, and successfully defends on another ground.

2. SAME. *Same. Same.* A waiver of the pre-payment of the premium may be inferred from any circumstance fairly implying that the insurer did not intend to insist upon the payment as a condition precedent, and it was error, therefore, to charge the jury that the sending of the policy by a foreign company by mail to the agent of of the plaintiffs to be by him delivered to the plaintiffs, would not of itself be sufficient to sustain the inference.

3. SAME. *Pleading and practice. Over insurance.* If, in an action upon a policy the defense to which is over insurance without notice, the assured can put in issue the validity of other policies equally avoided by the same over insurance, it can only be upon some ground which the companies issuing those policies could maintain.

4. SAME. *Over insurance* The question of over insurance, where the issue turns upon the validity of several policies equally affected by the over insurance, must depend upon the validity of the policies on their face at the date of the issuance of the over insurance, and not at the date of the loss.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county.   N. BAXTER, J.

DEMOSS & MALONE, R. MCPHAIL SMITH and E. H. EAST for Insurance Co.

·SMITH & ALLISON and ED. BAXTER for McCrea, Maury & Co.

COOPER, J., delivered the opinion of the court.

The Equitable Fire Insurance Company has appealed in error from a judgment recovered against it by Mc-Crea, Maury & Co. on policy No. 7 in the list of policies given in the case of the American Central company, decided at the same time with this case.

The policy of the Equitable company was for $2,-500 on stock, and $2,500 on machinery, all contained in the same building, with "privilege of $25,000 additional insurance concurrent herewith." It contained the same conditions as those quoted from the policy of the American Central. The proof introduced in reference to the other policies issued, their dates and amounts, and the proceedings had thereon, were the same in this as in that case. The transcripts of the two suits against the Boatman and Citizen's companies were introduced, and it was further agreed in writing by the parties that those suits were decided in favor of the companies upon the ground of over insurance. The policy of the Boatman company contained this provision: "This company shall not be liable by virtue ·of this policy, or any renewal thereof, until the premium therefor be actually paid." The corresponding clause of the Citizen's company was thus worded: "No insurance, whether original or continual, shall be considered as binding until the actual payment of the premium." These two policies were issued in St. Louis,

Mo., where the companies were located, and sent by mail to Peck & Cahill, through whom as insurance brokers the insurance was effected. They were received by them before, but not delivered to the assured until after the fire. The premiums were paid and accepted after the fire. The records of the suits brought on these policies show that each company, in its answers to the plaintiffs' declaration, admitted that it had issued the policy sued on to the plaintiffs, and put its defense upon the ground of over insurance. The decision was in favor of the company on this ground.

Upon this state of facts, the principal defense relied on in the court below in the present suit was also that of over insurance. The plaintiffs met the defense by insisting that the policies of the Boatman and Citizen's companies were void, under the conditions above quoted, for the failure to pre-pay the premiums, and were shown by the result of the suits to have been voidable, and, in either view, were not insurance within the condition relied on, and therefore there was no over insurance. Upon this branch of the case the trial judge charged the jury as follows: "To constitute a breach of this condition, so as to render this policy void, it must appear from the proof that the plaintiffs held at the time of the loss other valid insurance upon the same property exceeding $25,000, in addition to this policy. Valid insurance means that which is neither void nor voidable; that which can be enforced by process of law, and to which no successful defense can be made." His Honor then quoted the clause of each policy touching the necessity of the

actual payment of premiums, and, after saying to the jury that whether the premium had been paid at the time of the loss was a question for them, he added: "If the premiums were not paid then, by the terms of the condition they (the policies) were not binding on the companies, and, consequently, not valid insurance, unless the proof shows they were delivered with the intention on the part of the company of waiving the benefit of the condition. But the mere fact of sending them through the mail to the agents, of the plaintiffs to be delivered by them to the plaintiffs, would not, of itself without more, be sufficient evidence of an intention on the part of the companies to waive the benefit of the condition. If you should find there had been no payment of the premium on these two policies at the time of the loss, and that the proof fails to show an intent on the part of those companies to waive the benefit of the condition, then you will leave those policies out of the estimate in summing up the amount of valid insurance which plaintiffs held at the time of the loss."

In modification of a request of the defendant for a special charge touching the over insurance claimed, and its concealment from the defendant, the judge said: "If at the time of the loss the plaintiffs had no more than $30,000 of valid insurance, this policy (the policy sued on) is not void for over insurance, though the plaintiffs may have had an excess before the loss, and even at the time of the issuance of the policy." The judge, in this connection, refused to make the following charge as requested by defendant:

"If the plaintiffs have paid the premium on these two policies (Boatman and Citizen's) or either of them, and the companies, or either of them, have accepted the same, plaintiffs cannot now be heard to invalidate such policy as the premium has been paid upon, and accepted by the company." And the following proposition: "If the plaintiffs accepted the Boatman and Citizen's policies, and then brought suit upon them, and it does not appear from the proof that they were avoided in consequence of the non-payment of premiums as required by their condition, but for over insurance or some other ground, then the plaintiffs could not be heard to complain of them on the ground that the conditions in regard to the payment of the premiums had not been complied with."

Upon the facts of this case as disclosed in the bill of exceptions, there was error both in the charge and in the refusals. Each of the two policies of the Boatman and Citizen's companies recited on its face that the premium had been paid. Such a recital is *prima facie* evidence of the payment. Some of the authorities hold that the recital, in the absence of fraud, estops the insurer, after delivery of the policy, to show non-payment of the premium for the purpose of avoiding the policy under the condition of pre-payment. Other authorities hold generally that the fact of payment may be rebutted: May on Ins., sec. 359. But nearly all the cases agree that the delivery of the policy without exacting the payment of the premium, is a waiver of the condition of pre-payment: *Boehen* v. *Williamsburgh Ins. Co.*, 35 N. Y., 131; *Bounton* v. *American Life Ins.*

35—VOL. 8.

Co., 25 Conn., 542; *Eagan* v. *Ætna Fire Ins. Co.*, 11
W. Va., 583; *Murphy* v. *Southern Life Ins. Co.*, 3 Baxt.,
440. And the waiver may be inferred from a variety
of circumstances; in fact from any circumstance from
which the jury may fairly infer that the insurers did
not intend to insist upon the pre-payment of the
premium as a condition precedent: May on Ins.,
sec. 360.

The two policies referred to were, therefore, *prima
facie* valid so far as the payment of the premium was
concerned, In the absence of any evidence tending
to show that the companies had ever attempted to
avoid the policies on this ground, the sending of the
policies by mail to the agents of the plaintiffs to be
delivered by them to the plaintiffs would certainly be
a fact from which the jury might infer a waiver of
the pre-payment. It was error to say, as matter of
law, that the evidence was not sufficient to warrant
the finding of a waiver. The jury should have been
left to draw their own inference.

The trial judge refused to charge that, if the plain-
tiffs had paid, and the companies had accepted the
premiums, the plaintiffs would be estopped to dispute
the validity of the policies on this ground, even if it
appeared that the plaintiffs had sued upon the policies,
and the policies had been avoided not upon this, but
on some other ground. But if the plaintiffs can in
this suit raise and try the issue of the validity of
other policies of insurance, it can surely be on no
other ground than such as they can show that the
companies themselves could maintain. The plaintiffs

cannot occupy a better position than the companies themselves,

The over insurance in this case, as in the case of the Royal company, was occasioned by the issuance of the policy of the Louisiana Mutual. That question must be determined by the validity of the policies on their face at the date of the issuance of the policy of the Louisiana Mutual. The trial judge, therefore, erred in telling the jury that the insurance which would come within the condition of over insurance, must be insurance valid at the time of the loss. In this class of cases, as we have decided in the Boyal case, the validity of the insurance must be tested at the issuance of the policy creating the over insurance.

Reverse and remand.