THE STANDARD ACCIDENT INSURANCE CO., APPELLANT,
v. PAUL FRIEDENTHAL, APPELLEE.

1. POLICY OF INSURANCE—EFFECT OF RECITALS.—Where a policy of accident insurance, properly executed by the officers of the insurance company, is signed and delivered by the agent of the company to the insured, it becomes the contract of the insurance company, and the language of the policy,—"in consideration * * * and of $37.50 does hereby insure," etc., imports the payment of the premium prior to the delivery of the policy as the consideration for the contract of insurance.   This contract can only be impeached by proof that the policy was improperly or fraudulently obtained by the insured.

2. CONTRACT BY AGENT TO GIVE TIME TO PAY PREMIUM.—If a general agent of an insurance company contracts to give the insured time for the payment of the premium, and to accept payment from him in a certain manner, thereupon delivering him the policy of insurance, payment of the premium by the insured in the manner specified subsequent to an injury received by him sustains the contract, and the policy is valid from the date of delivery, notwithstanding the clause therein, "this policy shall not take effect unless the premium is paid prior to the happening of any accident under which the claim is made."

3. ACTION ON INSURANCE POLICY—PLEADINGS.—It is only necessary, primarily, in an action on an insurance policy, to allege the contract of insurance, the happening of the contingency rendering the company liable under the contract, and the amount of indemnity to which the insured is entitled.   Allegations of the answer setting

up misconduct of the insurance company's agent neither impeach the contract of insurance, nor otherwise constitute a defense to the action.   But if the plaintiff, instead of demurring thereto, traverses such allegations by a replication, to which the defendant files a demurrer, it will be carried back and sustained to the answer.

4. EVIDENCES OF AUTHORITY TO ACT AS GENERAL AGENT.—Where an individual is permitted by an insurance company to act as its general agent, and is furnished with policies executed by the proper officers of the company to be filled up, countersigned and delivered by him, such individual is invested with all the *indicia* of a general agent as far as third persons are concerned.

5. WHEN ADMISSION OF INCOMPETENT TESTIMONY WILL NOT REVERSE.—The reception of incompetent evidence is not ground for reversal where the trial was by the court, as it will be presumed, nothing appearing to the contrary, that the judge, being familiar with the rules of evidence, disregarded it.

*Appeal from District Court of Chaffee County.*

IT is alleged that on the 21st day of April, 1886, the appellant issued and delivered to Eugene H. Teats an accident insurance policy, to be effective for twelve months from its date, whereby Teats was to receive from the Insurance Company $25 a week for loss of time in consequence of any bodily injury sustained by him during the existence of such policy, through external, violent and accidental means, which should wholly disable him from transacting his business as a mining superintendent.

That on the 26th day of April, 1886, Teats received a bodily injury that entitled him to such compensation by the terms of the policy of insurance, and that he was wholly disabled for the period of thirteen weeks, and was entitled to receive the sum of $325.

That on the 7th day of August, 1886, Teats sold, transferred and assigned his claim against the appellant to Friedenthal, the appellee.   Friedenthal brought suit for the sum of $325 and costs.   The appellant answered, denying the material allegations in the complaint, and for further and special answer alleged that Teats did make application to one A. R. Hoyt, then acting *for an agent* of the appellant, as alleged in the complaint; and that by the terms of the application, and

the policy which was issued, it was provided that Teats should pay as a premium to the appellant for the policy, and as a condition of obtaining it, $37.50. That Teats did not pay the sum of $37.50 nor any part of it, and that the policy of insurance was, by Hoyt, without any right or authority, delivered to Teats without the payment of the premium as required; and that by reason of the failure of Teats to pay the premium the appellant was not liable.

That after the accident and on the 28th day of April, Teats paid to A. R. Hoyt $10, which Hoyt had no authority to receive, and that at the time of receiving the injury there was none of the premium paid, consequently, that the appellant was not liable upon the policy of insurance.

A replication was filed in which it was denied that Hoyt, at the time of issuing the policy of insurance, was acting for an agent of the appellant, and alleging that Hoyt was the agent of appellant, and had full power and authority to make contracts for insurance and to issue and deliver policies of insurance; and that by virtue of such agency he made the contract of insurance and issued the policy, and signed and executed the same as the agent of the appellant, and delivered the policy to Teats; admits that there was a condition in the policy, and in the application, to the effect that Teats should pay $37.50 premium; and admits that the condition provides that the policy should be void unless the premium is paid before the injury was received, but alleges that the agent Hoyt waived the condition and delivered the policy, and expressly agreed with Teats that the premium should not be paid in cash, and was to be paid at some subsequent time; that Teats had under his control as mining superintendent, a large number of men, whom Hoyt was desirous of insuring, and solicited Teats to use his influence with the men to induce them to insure with Hoyt, and that Teats was to pay $10 in cash at some future time, and the balance was to be paid in services in soliciting the insurance of the men; and that he paid $10 to Hoyt as alleged in the answer.

A demurrer was filed to the replication. The demurrer

was overruled. A trial to the court without a jury,—judgment for the appellant in the sum of $310. From such judgment this appeal was taken. Testimony was very brief and uncontradicted. The deposition of Teats was read, in which he testified to the arrangement and agreement with Hoyt, by which the condition of the policy was waived, and the policy was delivered, to be effective and operative from its date; that he, Teats, was to pay $10 and use his influence with the men to secure business and insurance for the company of appellant, and that the contract was that the premium should be $25, instead of $37.50; that he paid the $10, but not until after the accident occurred, and that it was accepted by Hoyt. That within three days after the accident he furnished appellant proof of the injury as required by the policy. A copy of the insurance policy was also put in evidence, signed at the bottom, "A. R. Hoyt, Agent at Leadville, Colorado; C. C. Bowen, Secretary; D. M. Ferry, President. Countersigned this 21st day of April, 1886, A. R. Hoyt, Agent." Indorsed upon such policy, among other conditions, was the following: " The policy shall not take effect unless the premium is paid prior to the happening of any accident under which claim is made." Also a copy of the application, in which, among other statements, occurs the following, which is the only one necessary to be noticed in this connection: " 9. — My premium for this period is $37.50."

Proper proof, as required by the company, appears to have been made of the injury and its nature, and the length of time that Teats was disabled by reason of such accident, accompanied by the certificate of the attending physician. In the deposition of Teats it is stated, " An officer of the company from Detroit, Michigan, also General State Agent Harrison, of Denver, notified me that they would be in Buena Vista to adjust the claim. They came, and in the presence of D. C. Sindlinger asked me to discount the claim, but no special amount was offered." The appellant objected to the reading of this portion of the deposition. It was allowed

to be read and, the court reserved the decision of its admissibility until the final decision of the case. .

The overruling of the demurrer to appellee's replication is assigned for error. Also the overruling of the objection made to the deposition of the witness, Teats, and that the judgment in favor of appellee and against the appellant was erroneous.

Messrs. PATTERSON & THOMAS, for appellant.

Mr. G. K. HARTENSTEIN, for appellee.

REED, J. There were no issues of fact to be determined in the case. The facts appear to have been conceded, at least there was no serious controversy.

The first question arises upon the pleading. It is claimed that there was a departure, that the replication set up a new cause of action not embraced in the complaint, and that the court erred in overruling the demurrer. I cannot adopt this contention. The contract of insurance was one of indemnity,—to indemnify the insured to the extent of $25 a week for all time he should, by accident, be disabled from performing the duties of a mining superintendent for the term of one year from date. The premium expressed in the policy was $37.50. The language of the policy is "in consideration of the representations in the application for this policy, and of thirty-seven dollars and fifty hundredths, does hereby insure," etc. The policy, though not containing a receipt for the $37.50 in so many words, was signed by the agent and delivered, and became the contract of appellant, and the language used, "in consideration * * * and of $37.50 does hereby insure," etc., imports the payment prior to the delivery, as the consideration for the delivery of the contract to the insured. When delivered, it became operative and could only be impeached by showing that it had been obtained improperly or fraudulently by the insured in such manner as to negative the fact of the legal and voluntary

delivery of the policy by the appellant. When delivered and operative, all that was necessary primarily was to allege the contract of insurance—the happening of the contingency whereby the insurer became liable to pay by reason of the contract, and the amount of indemnity to which the insured was entitled. Anything impeaching the validity of the contract should have been alleged by way of defense. This was attempted, but the matters set up were not such as impeached the contract,—not acts of the insured by which the policy was defeated or improperly obtained, but the alleged improper acts of appellant's agent, which could not amount to a defense. Had appellee demurred to the special defenses contained in the answer, the demurrer should have prevailed, but he replied instead. The reply was to matter contained in the special answer. There was no departure. Applying old common law maxims of pleading that are equally potent under the code,—that a bad replication is good enough for a bad plea, and that the demurrer reaches back to the first faulty pleading, I am compelled to hold that the judgment of the court upon the demurrer was correct. Nor can I adopt the contention, that the court erred in its ruling upon that portion of the deposition of Teats in regard to an offer to compromise. It is true that no such evidence is competent, and had the case been tried to a jury appellant might have been prejudiced by a failure to suppress it; but having been tried by a judge familiar with the rules of evidence, the presumption is that it was wholly disregarded, and the gist of the contention seems to be, not that the court acted upon the evidence to the prejudice of the appellant, but that he failed to state that he had disregarded it.

It is alleged in the answer that Hoyt was not the agent of appellant, but that he was acting for an agent. No proof was offered upon the trial in support of the allegation. The agency seems to have been conceded. As far as the assured was concerned there was no question of the agency. Whatever question there may have been between the agent and his principal, he was allowed to act as a general agent, not

as a solicitor only of insurance.    The policies of the company, executed by its proper officers, were in his possession to be filled and countersigned and delivered by him.    He was invested by his principal with all the *indicia* of a general agent in that locality, and that was sufficient as far as third parties were concerned.

It was established by the evidence of Teats that a special contract was made with him, whereby the cost of the insurance to him was to be $25 instead of $37.50 ; ten dollars of which was to be paid at an early day in money, and the balance was to be paid at some future date in assisting in securing insurance upon men in his employ.    This contract was not contradicted by appellant, and is conceded ; had it not been, Hoyt could have readily denied it.

But one question remains,—was appellant bound by the special contract of its agent, Hoyt ? or in other words, could the agent by such a contract bind his principal and waive the printed provisions and stipulations contained in and attached to the policy ?    " A person authorized to accept risks, to agree upon and settle the terms of insurance, and to carry them into effect by issuing and renewing policies, must be regarded as a general agent of the company pending negotiations * * * and the possession of blank policies and renewal receipt, signed by the president and secretary, is evidence of such agency."    May on Ins. § 126 ; *Pitney v. Glens Falls Ins. Co.*, 65 N. Y. 6 ; *Post v. Ætna Ins. Co.*, 43 Barb. (N. Y.) 351 ; *Carroll v. Charter Oak Ins. Co.*, 40 Barb. (N. Y.) 252.

It is conceded that no part of the premium was paid until after the insured received the injury.    Two days after the injury was received $10 was paid and accepted.    It is contended that the clause,—" this policy shall not take effect unless the premium is paid prior to the happening of any accident under which claim is made," is controlling, and it being shown that it was not complied with, no action could be maintained.    Having found by the authorities above cited that Hoyt was a general agent, and a contract was made by

him to give time and accept payment in a certain manner, the contention cannot prevail.

To give the provision the construction claimed, in a case like the present, its illegality would be at once apparent. It is in any view of very doubtful validity, and can only be sustained in cases where there was no legal delivery of the policy with the intention of making it operative. In cases where the possession was obtained by fraud, or for the purpose of examination, it might be held to be valid. To apply it to cases where the transaction was consummated and the policy voluntarily delivered to the insured as evidence of the insurance would at once render the illegality apparent. Take any case where the company insured for a year, for instance, and delivered its policy, and by a contract payment was not to be made until the expiration of the year; the insured would be held liable to pay for the entire time, whether disabled or not, and the premium being unpaid and so to remain until the expiration of the policy, there would be no insurance whatever in case of injury and no consideration for the premium, consequently no mutuality of contract. Contracts of insurance must be regarded and construed like all other contracts, so, if possible, as to make them mutual and effectuate the intention of both parties. While the insurer should be guarded against fraud and misrepresentation, the insured should have indemnity when guiltless of fraud, upon compliance with the contract as made by him, and no cunningly devised provision or exception in the policy should be so construed as to defeat it.

I am clearly of the opinion that the provision requiring payment of the premium could be and was waived by the agent; also, that the acceptance by the agent of the payment of $10 after the injury was received was also evidence that no default had been made, and was a recognition of the policy as still in force. That a general agent can waive any condition inserted in the provisions of the policy of insurance is established by numerous authorities. See *Putnam v. Ins. Co.*, 4 Fed. Rep. 753; *Bull etc. Wagon Co. v. Ins. Co.* 20 Fed.

Rep. 232; *Joliffe v. Ins. Co.*, 39 Wis. 117; *Ins. Co. v. Fennell*, 49 Ill. 180; *Washoe Tool etc. Co. v. Ins. Co.*, 66 N. Y. 613; *Boehm v. Ins. Co.*, 35 N. Y. 131; *Sheldon v. Ins. Co.*, 26 N. Y. 460; *Elkins v. Ins. Co.*, 113 Pa. St. 386. The judgment of the district court should be affirmed.

*Affirmed.*