Reed, J.
There were-no issues of fact to be determined in the case, The facts appear to have been conceded, at least there was no serious controversy.
The first question arises upon the pleading. It is claimed that there was a departure, that the replication set up anew cause of action not embraced in the complaint, and that the court erred in overruling the demurrer. I cannot adopt this contention. The contract of insurance was one of indemr nity,—to indemnify the insured to'the extent of $25 a week for all time he should, by accident, be disabled from performing the duties of a mining superintendent for the term of one year from date. The premium expressed in the policy was $37.50. The language of the policy is “ in consideration of the representations in the application for this policy, and of thirty-seven dollars and fifty hundredths, does hereby insure,” etc. The policy, though not containing a receipt for the $37.50 in so many words, was signed by the agent and delivered, and became the contract of appellant, and •the language used, “in consideration * * * and of $37.50 does hereby insure,” etc., imports the payment prior to the delivery, as the consideration for the delivery of the contract to the insured. When delivered, it became operative and could only be impeached by showing that it had. been obtained improperly or fraudulently bj the insured in such manner as to negative the fact of the legal and voluntary *10 delivery of the policy by the appellant. When delivered and operative, all that was necessary primarily was to allege the contract of insurance—the happening of the contingency whereby the insurer became liable to pay by reason of the contract, and the amount of indemnity to which the insured was entitled. Anything impeaching the validity of the contract should have been alleged by way of defense. This was attempted, but the matters set up were not such as impeached the contract,—not acts of the insured by which the policy was defeated or improperly obtained, but the alleged improper acts of appellant’s agent, which could not amount to a defense. Had appellee demurred to the special defenses contained in the answer, the demurrer should have prevailed, but he replied instead. The reply was to matter contained in the special answer. There was no departure. Applying old common law maxims of pleading that are. equally potent under the code,—that a bad replication is good enough for a bad plea, and that the demurrer reaches back to the first faulty pleading, I am compelled to hold that the judgment of the court upon the demurrer was correct. Nor can I adopt the contention, that the court erred in its ruling upon that portion of the deposition of Teats in regard -to an offer to compromise. It is true that no such evidence is competent, and had the case been tried to a jury appellant might have been prejudiced by a failure to suppress it; but having been tried by a judge familiar with the rules of evidence, the presumption is that it was wholly disregarded, and the gist of the contention- seems to be, not that the court acted upon the evidence to the prejudice of the appellant, but that he failed to state that he had disregarded it.
It is alleged in the answer that Hoyt was not the agent of appellant, but that he was acting for an agent. No proof was offered upon the trial in support of the allegation. The agency seems to have been conceded. As far as the assured was concerned there was no question of the agency. Whatever question - there may have been between the agent and bis principal, he was allowed to act as a general agent, not *11 as a solicitor only of insurance. The policies of the company, executed by its proper officers, were in his possession to be filled and countersigned and delivered by him. He was invested by his principal with ali the indicia of a general agent in that locality, and that was sufficient as far as third parties were concerned.
It was established by the evidence of Teats that a special contract was made with him, whereby the cost of the insurance to him was to be $25 instead of $37.50 ; ten dollars of which was to be paid at an early day in monej'', and the balance was to be paid at some future date in assisting in securing insurance upon men in his employ. This contract was not Contradicted by appellant, and is conceded ; had it not been, Hoyt could have readily denied it.
• But one question remains,—was appellant bound by the special contract of its agent, Hoyt ? or in other words, could the agent by such a contract bind his principal and waive the printed provisions and stipulations contained in and attached to the policy ? “A person authorized to accept risks, to agree upon and settle the terms of insurance, and to carry them into effect by issuing and renewing policies, must- be regarded as a general agent of the company pending negotiations * * * and the possession of blank policies and renewal receipt, signed by the president and secretary, is evidence of such agency.” May on Ins. § 126; Pitney v. Glens Palls Ins. Co., 65 N. Y. 6; Post v. Ætna Ins. Co., 43 Barb. (N. Y.) 351; Carroll v. Charter Oak Ins. Co., 40 Barb. (N. Y.) 252.
It is conceded that no part of the premium was paid until after the insured received the injury. Two days after the injury was received $10 was paid and accepted. It is contended that the clause,—“ this policy shall not take effect unless the premium is paid prior to the happenii g of any accident under which claim is made,” is controlling’, and it being shown that it was not complied with, no action could be maintained. Having found by the authorities above cited that Hoyt was a general agent, and a contract was made by *12 him to give time and accept payment in a certain manner, the contention cannot prevail.
To give the provision the construction claimed, in a case like the present, its illegality would he at once apparent. It is in any view of very doubtful validity, and can only be sustained in cases where there was no legal delivery of the policy with the intention of making it operative. In cases where the possession was obtained by fraud, or for the purpose of examination, it might be held to be valid. To apply.it to cases where the transaction was consummated and-the policy voluntarily delivered to the insured as evidence of the insurance would át once render the illegality apparent. Take any case where the company insured for a year, for instance, and delivered its polic3, and by, a contract payment was nob to be made until the expiration of the year; the insured would be held liable to pay for the entire time, Whether disabled or not, and the premium being unpaid and so to remain until the expiration of the policy, there would be no insurance whatever in case of injury and no consideration for the premium, consequently no mutuality of contract. Contracts of insurance must be regarded and construed like all other contracts, so, if possible, as to make them mutual and effectuate the intention of both parties. While the insurer should be-guarded against fraud and misrepresentation, the insured should have indemnity when guiltless of fraud, upon compliance with the .contract as made by him, and no cunningly devised provision or exception in the policy should be so com strued as to defeat it.
I am clearly of the opinion that the.provision requiring payment of the premium could be and was waived by the agent; also, that the acceptance b3 the agent of the payment of $10 after the injury was received was also, evidence that no default had been made, and was a recognition of the policy as still in force. That a general agent can waive any condition inserted in the provisions of the policy of insurance is established by numerous authorities. See Putnam v. Ins. Co., 4 Fed. Rep. 753; Ball etc. Wagon Co, v. Ins. Co. 20 Fed. *13 Rep. 232; Joliffe v. Ins. Co., 39 Wis. 117; Ins. Co. v. Fennell, 49 Ill. 180; Washoe Tool etc. Co. v. Ins. Co., 66 N. Y. 613; Boehm v. Ins. Co., 35 N. Y. 131; Sheldon v. Ins. Co., 26 N. Y. 460; Elkins v. Ins. Co., 113 Pa. St. 386. The judgment of the district court should be affirmed.

Affirmed: