Patrick Scanlon

*v.*

Benjamin Warren, Sr. *et al.*

*Opinion filed November 1, 1897.*

1. Instructions—*instructions having no basis in evidence may be refused.* Instructions may be refused where there is no evidence before the jury tending to support the theory which they set forth.

2. Evidence—*suit on grain contract—offer to prove purchaser's undisclosed intention may be refused.* In a suit by commission merchants to recover money advanced by them in good faith, at the defendant's request, to cover losses incurred by him in the purchase of grain on a board of trade, under a contract by its terms valid in law, an offer to prove the purchaser's undisclosed intention to settle by the payment of differences may be refused.

*Scanlon* v. *Warren*, 68 Ill. App. 213, affirmed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. M. Shaw, Judge, presiding.

McCULLOCH & McCULLOCH, and DAN R. SHEEN, for appellant.

STEVENS, HORTON & ABBOTT, and GEORGE B. FOSTER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellees, who were grain commission merchants doing business at Peoria, brought suit in the Peoria circuit court against appellant, Scanlon, to recover moneys advanced for Scanlon at his request, to pay losses which he incurred in the purchase of 30,000 bushels of wheat on the board of trade in Chicago. The defense was that the deal was in options, that the contract was void under the statute and at common law, and that the money advanced could not be recovered. Upon the first trial before the court without a jury, judgment was rendered for the defendant. That judgment was reversed by the Appellate Court for the Second District upon the evidence, and the cause remanded for another trial. The cause was again tried before the court and a jury, and a verdict and judgment rendered for plaintiffs for $12,230, that being the amount of money shown by the evidence to have been advanced, with a small amount of interest, which interest the defendant had agreed to pay. This judgment has been affirmed by the Appellate Court. A fuller statement of the facts may be found in *Warren & Co.* v. *Scanlan,* 59 Ill. App. 138, and in *Scanlon* v. *Warren & Co.* 68 id. 213.

It must be taken upon this appeal that the moneys sued for were advanced by appellees to appellant at his request, to pay losses which he had sustained in the purchase of the wheat in question, and that the contract upon which these moneys were advanced was not made in the purchase of options to receive or not to receive the wheat in question and to determine the amount of profits or losses by mere settlements of differences in the market price, and of the character of those so often held

illegal by this court, but that it was for the actual pur-
chase of grain to be delivered in the future, and that the
transaction did not come within the statute aimed to sup-
press that species of gambling known as dealing in op-
tions, nor as being one void at common law.

There are but two contentions made by appellant
in this court which appear important to be considered.
First, it is claimed that the trial court erred in not per-
mitting Scanlon to testify what his intention was,—that
is to say, whether it was his intention to receive the
wheat in question or merely at his option to settle upon
the amount of differences in the market price when the
time should arrive for the full performance of the con-
tract. It was not claimed that his intention in this re-
spect was communicated to the plaintiffs or that they
had any conversation with him on that subject. His un-
disclosed intention to violate the law or to make a con-
tract with appellees of a character which could not be
enforced could not affect their right to recover of him
moneys which they advanced in good faith at his re-
quest, upon a contract which by its terms was valid in
law. The trial court ruled correctly in refusing to admit
the evidence, and also in refusing instructions having
reference to the same question, offered on behalf of the
defendant. *Pixley* v. *Boynton*, 79 Ill. 351; *Pearce* v. *Foote*,
113 id. 228; *Irwin* v. *Willar*, 110 U. S. 499; *Edwards* v. *Hoeff-
inghoff*, 38 Fed. Rep. 655.

*Second*—It is contended that the court refused certain
instructions offered by the defendant, based upon the
theory that by the contracts of purchase of the wheat the
defendant was not to accept delivery of the same, but
had the option to settle by paying the differences in the
market price. The trouble with these instructions chiefly
is that there was no evidence before the jury upon which
to base them. The defendant himself did not so testify.
So far as this branch of the case is concerned, his testi-
mony did not tend to support the theory set forth in these

refused instructions.   Some of them are defective in other respects not important here to be adverted to.

Finding no error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part.