HICKOK v. BUNTING et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. NOTES—CONSIDERATION—PRESUMPTION.
    A note reciting "Having been cause of a money loss to my friend, * * * I have given her $3,000," and promising to pay the same to such friend, her heirs and assigns, as it did not conclusively show that there was no consideration or an invalid consideration, imported a consideration, sufficient to authorize a recovery in the absence of rebuttal evidence.

Appeal from Trial Term, New York County.

Action by Geradine H. Hickok against Elizabeth M. Bunting and Jennie R. B. Moore, as executors, etc. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Herbert Parsons, for appellants.
Alfred B. Cruikshank, for respondent.

O'BRIEN, J. This case has already been before this court. Hickok v. Bunting, 67 App. Div. 360, 73 N. Y. Supp. 967. The action is upon an instrument in the nature of a promissory note, a copy of which is as follows:

"New York, December —, 1893.

"Having been cause of a money loss to my friend, Geradine H. Hickok, I have given her three thousand dollars. I hold this amount in trust for her and one year after date or thereafter, on demand, I promise to pay to the order of Geradine H. Hickok, her heirs or assigns, Three thousand dollars with interest.
                                                    "Ella F. Bunting.
                                                    "1, 16, '94

"216 East 12th St., N. Y."

Upon the former trial, after the plaintiff had proved the signature, and introduced the note in evidence, and given some testimony in support of its validity, the defendants on their part offered evidence which it was thought by this court threw doubt upon the delivery of the note and raised the question as to whether or not there was consideration therefor. For these reasons a judgment directed for the plaintiff, from which the defendants appealed, was reversed, this court

holding that there were presented questions of fact which should have been submitted to the jury. Upon the new trial the plaintiff contented herself with proving the signature and the amount of interest due, and, relying upon the presumption of delivery from the possession of the note, offered it in evidence, and rested. The defendants moved to dismiss the complaint, and to the denial of their motion excepted, and then in turn rested; and, the plaintiff having moved for a direction in her favor, that motion was granted, and to this ruling the defendants excepted, so that it is these exceptions to the refusal to dismiss the complaint and to the direction of a verdict for the plaintiff which are now urged upon our attention.

Had this been a negotiable promissory note in the usual form, we do not think it would be seriously contended that upon such a record as is here presented a direction of a verdict would not have been proper. The defendants contend, however, that, though this instrument be regarded as a promissory note, it is of an unusual kind, and that all the parts of the instrument must be read together, and that, inasmuch as on its face it purports to state a consideration which is neither a legal nor a valid consideration, the one expressed takes the place of the valid consideration which, if such a statement had not appeared upon the face of the note, would be presumed. For this proposition the appellant claims support by taking certain language in our former opinion away from its context, and considering it apart from the subject in the discussion of which it was used. The portion from which the appellants get most comfort is the following:

"The recital is that the deceased had been the cause of a money loss. This, standing alone, would be insufficient to show the existence of a present legal consideration, or that an enforceable obligation had ever existed. * * * If we eliminate the declaration of the plaintiff that the deceased owed her a debt, then we have nothing in the oral testimony or in the recital of the instrument to establish that there at any time existed a legal enforceable obligation against the deceased in favor of the plaintiff, or that the facts were of such a character as would estop the deceased from denying her legal obligation for the payment of the money."

This language was not intended to be, nor was it, confined to stating that the recital which preceded the promissory portion of the instrument was conclusive either upon the plaintiff or the defendant. What the court was discussing was whether, upon all the evidence —that presented on the face of the instrument, together with such corroborating evidence as the plaintiff adduced upon that subject, as offset by the testimony offered by the defendants—the situation was one which, upon the question of consideration, required that their case should be submitted to the jury (which was the conclusion we reached), or whether the trial judge was right on the first trial in directing a verdict. As we have pointed out, upon the present trial there was practically no evidence given except such as was needed to entitle the paper to be admitted in evidence. That the paper was a promissory note was expressly held upon the former appeal, and in the following language:

"Following the declaration of trust the instrument contains a promise to pay, one year after date, or on demand, to the order of the plaintiff, her heirs or assigns, $3,000, with interest. There are no words of limitation of this promise

in the language preceding it. The promise to pay is express, and is to the order of the payee, and contains every essential element to constitute a promissory note as defined by the negotiable instruments law (chapter 612, p. 755, § 320, Laws 1897) and by authority. Carnwright v. Gray, 127 N. Y. 92 [27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424]."

The contention of the appellants may be well founded that if, on the face of the instrument, it conclusively appeared that there was no consideration, or that there was an invalid consideration, then the instrument could not be enforced. For the reason, however, that neither of these appeared upon the face of the instrument, we think that, taking the legal presumption which arises in favor of there having been a valid consideration for the note, and in the absence of any evidence to rebut it, a prima facie case was made out.

In Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487, the deceased made an instrument as follows:

"One year after my death I hereby direct my executors to pay to Joseph Hegeman, his heirs, executors or assigns, the sum of $1,976.90, being the balance due him for cash advanced at various times by him to Adrian Hegeman, my son, and others, as per statement rendered by him this day without interest."

In that case, as in this, the inference was sought to be drawn from the language employed in the note that there was no legal consideration; but the court said:

"The addition of the words that the money is due the payee 'for cash advanced at various times by him to Adrian Hegeman, my son, and others, as per statement rendered by him this day,' does not alter the implication that the money is due the payee from the maker. It simply states the origin of the indebtedness of the maker. It was not for money advanced directly to her, but to her son and others. There is nothing inconsistent with her indebtedness to the payee in the fact of this acknowledged advance of the money to the maker's son. An original indebtedness may have arisen against the maker by the payee advancing at the maker's request moneys to her son. And when she says that a certain amount is due the payee, and signs the statement, with the addition of the origin of the indebtedness, the implication is neither forced nor unnatural that she means that the amount is due from her, or else she would not have signed the paper."

We think the respondent is right in asserting that the principle of the Hegeman Case and the one at bar are precisely the same, and that, as in the former the court was bound to presume in support of the obligation that the money advanced to a third person by the payee was advanced at the maker's request, and thus constituted a legal obligation on the part of the maker, so, in the present case, the court is bound to assume that the money loss which the plaintiff, the payee, had suffered at the hands of the maker, was legally chargeable to the maker, and constituted a legal liability on her part.

Our conclusion therefore is that the disposition made by the learned trial judge was right, and that the judgment appealed from should be affirmed, with costs. All concur.