### SMITH v. DOTTERWEICH.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

1. CONTRACTS (§ 9*)—VALIDITY—DEFINITENESS.

A contract, whereby an insurance agent agreed that if defendant would take out policies in his company he would secure a loan on the policies for defendant, no time for repayment of the money or terms as to security being agreed on, was void for uncertainty.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. BILLS AND NOTES (§ 132\*)—CONDITIONS SUBSEQUENT.**
　　Where life policies were accepted by defendant and a premium note was given by him to plaintiff, the insurance company's agent, under an agreement that defendant should take out the policies and give the note as a condition precedent to plaintiff's securing a loan for defendant on the policies, the condition attached to the notes was a subsequent one, and failure of plaintiff to perform the agreement, which was void for uncertainty, did not avoid the note.
　　[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 132.\*]

**3. CONTRACTS (§ 176\*)—INTERPRETATION.**
　　The interpretation of a contract is for the court.
　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 767–770, 1097; Dec. Dig. § 176.\*]

**4. TRIAL (§ 55\*)—EXCLUSION OF EVIDENCE.**
　　The exclusion of evidence admitted by the party offering it to be immaterial to the issue is not erroneous.
　　[Ed. Note.—For other cases, see Trial, Dec. Dig. § 55.\*]

　　McLennan, P. J., and Kruse, J., dissenting.

　　Appeal from Trial Term, Cattaraugus County.

　　Action by George N. Smith against Rudolph Dotterweich. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, he appeals. Affirmed.

　　Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

　　Allen J. Hastings, for appellant.
　　William R. Daniels, for respondent.

　　ROBSON, J. Plaintiff has recovered judgment for the amount of four promissory notes, each for the sum of $913.75, made by defendant payable to the order of defendant; all of the notes being dated August 28, 1901, and payable six months after date with interest. These four notes were given as a renewal of a note for $3,740 made by defendant to plaintiff's order, dated February 28, 1901, and payable six months after date. Neither the original nor the renewal notes bore interest. The aggregate amount of the renewal notes is $3,655. The difference between this amount and the principal of the original note seems to be accounted for by an allowance of $85 to defendant for commissions, or services, in procuring an application for insurance on the life of his wife, though defendant disclaims any knowledge that such allowance was made. The original note represented the premium for one year on two policies of insurance on defendant's life for $70,000 and $30,000, respectively, issued by the John Hancock Mutual Life Insurance Company, of which company plaintiff was the agent at Buffalo, N. Y. At the same time the note was made, two receipts of the company were given to plaintiff with the policies of insurance acknowledging receipt of the premiums thereon for one year, reciting the premium as due February 19, 1901. The policies of insurance and premium receipts were retained by defendant until after the renewal notes became due—that is, for upwards of one year—when he offered to return them to plaintiff and demanded

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the surrender of the renewal notes. Plaintiff declined to do this, and. shortly thereafter began this action.

· As a defense to this action defendant by his first answer alleged: That the taking out of the insurance and giving of the original note was a part of and pursuant to a contract made· by plaintiff and himself, by which, in effect, plaintiff agreed within one year to procure for defendant a loan of $70,000 for as long a period as he might wish on the note of defendant with the policies of life insurance and certain shares of stock of a brewing company, as collateral for the purchase· of which defendant alleged he then had an option, and to complete the purchase of which he desired to raise the $70,000. "That to enable the plaintiff more readily to negotiate and secure for the defendant said loan, it was agreed: That the defendant's application for said insurance policy should then be made; that on the same being issued the defendant would execute and deliver to the plaintiff his promissory notes for an amount equal to the first premium on said policy; that he should not be required to pay the said notes or premium until after the said loan was secured; and that, if said loan was not secured within one year, then that the notes should not be paid, but be returned and surrendered to him, and the said policy should be of no binding force or effect until said loan was so secured." That the policies were taken out and the note for premium given to carry out this agreement. That when this note became due the plaintiff had not secured the loan, but, he promising that he would do so within six months thereafter, and was then negotiating the same, the renewal notes were given under the same agreement as the original note, and that plaintiff failed to procure the loan. That the policy never was a valid or binding contract, and that the notes are without consideration.

. In this state of the pleadings, the case came on for trial, and a motion was made for judgment on the pleadings, which was about to be granted apparently upon the ground that the alleged agreement set forth in defendant's answer was too indefinite to admit of enforcement. Defendant, however, was granted postponement of trial to permit him to move at Special Term for permission to serve an amended .answer. Permission was obtained, and an amended answer served. The order permitting service of the amended answer was affirmed on appeal to this court without opinion. 118 App. Div. 917, 103 N. Y. Supp. 1142. The amended answer avoids the charge of indefiniteness as to the time for which the loan of $70,000 was to be secured by alleging that it was to be for a definite period of five years. The first answer stated the .time to be "for as long as defendant might wish." With this exception this defense is practically the same as in the original answer. The new answer also sets up a counterclaim for damages alleged to have been occasioned by plaintiff's failure to procure the loan for defendant by reason of which he lost his opportunity to purchase the brewery stock. On the second trial defendant gave evidence as to the agreement he had with plaintiff in reference to procuring the loan, to the effect that he was to have the loan for five or ten years, or longer, if he wished. He states the agreement in several ways, but the net result is that he was to have it, not for any

definite time, but for a time to be determined by himself. · This clearly leaves the contract as indefinite as it was under the statement of it alleged in his first answer. The defendant's statement of the agreement also leaves its terms indefinite beyond any possibility of enforcing it as a valid contract.

Accepting defendant's statement of the contract, the court must find and establish at least two essential elements of the contract not agreed upon by the parties, that is, an agreement on the part of the party borrowing the money at some definite time to repay it, and the right on the part of the party loaning the money at some time to compel repayment of it, and, in addition, the further terms as to security, etc., and the conditions upon which the money was to be loaned. Such a contract deficient in these and other essential features is void for uncertainty. Van Schaick v. Van Buren, 70 Hun, 575, 24 N. Y. Supp. 306. Citations to the same effect might be indefinitely multiplied. This disposes of defendant's contention that he was entitled to have the question of his counterclaim, which he based necessarily upon this agreement to procure the loan, submitted to the jury.

Of course, the attempt to establish any counterclaim for damages resulting to defendant by reason of plaintiff's failure to procure the loan necessarily presupposes that the policies of insurance were taken, and the premium note given, by defendant as valid contracts, and that the contract for the loan was also a valid and enforceable contract based upon a good consideration; but defendant in his other defense assumes an entirely opposite position, which is stated by his counsel in his request to go to the jury when the motion for direction of a verdict was under consideration by the court as follows:

"I ask the court to submit to the jury the question as to whether the insurance policies were accepted by Dotterweich and the note, the renewals of which are in suit, was delivered to Smith upon condition the same should be returned in case Smith did not procure a loan of $70,000 for Dotterweich with the insurance policies and the brewery stock as collateral within one year."

This request, of course, presupposes that there was evidence from which the jury might find that neither the policies nor the premium note ever were binding contracts, but were delivered upon a condition which plaintiff was to perform, viz., procure the $70,000 loan within the year before they could become vitalized as actual contracts. Without considering the question as to whether this request was not too broad in assuming that there was in fact evidence that the agreement defendant testified to included the stipulation that defendant was to put up the insurance policies and the brewery stock to be purchased with the proceeds of the loan, as collateral for the loan, of which there is no evidence in the record, it seems to me defendant's evidence fails to present sufficient basis either to require or permit the court to submit any question of fact as to any condition precedent or subsequent upon which the policies and note were made and delivered. The agreement as to the loan and the condition upon which plaintiff claims the policies were taken out and the premium note given is to be gathered in its entirety only from defendant's own statement of it, which must, of course, be here taken as true; but this testimony, it seems, falls far

short of establishing delivery of the policies and premium note upon a condition precedent. Defendant testifies (fol. 122):

"He (plaintiff) says, 'The boys have been talking. Mr. Larabee and Mr. Marvin have been talking to you about taking out an insurance for making a loan.' And I said, 'Yes.' He says, 'Do you want it?' I said, 'I do provided you can make the loan.' And Mr. Smith said that if I would take out an insurance he could make the loan for me, etc."

A second conversation at the time the policies were delivered follows:

"I told him up in the room where we were that under no consideration could I take out a policy of that kind without he could guarantee to make me a loan. Then he handed me this note that was put in evidence yesterday. I told him there was no use of my signing that note for a policy at the wages I was getting. I was getting $75 a month, and I couldn't pay no $100,000 insurance on $75 a month, and he said, 'You sign this note, and I will hold it in my safe, and I won't try to sell it.' * * * He said unless I would sign the note to show that everything was in good faith he couldn't make me the loan on the policy. He said there wouldn't be any effect in the policy. The policy would be null and void if he didn't get me the loan. That they would take the chance the same as I. Previous to this conversation with Mr. Smith I had made or signed application to the company presented to me by Mr. Marvin and Mr. Larabee after I had this talk with them about their securing the loan."

It appears from this statement of the contract that plaintiff insisted, and defendant agreed, that he should take out the policies and give the premium note as a condition that plaintiff should agree to get the loan, not that plaintiff should agree to make the loan as a condition precedent to defendant's taking out the policies. The policies were accepted by defendant under this arrangement, and the note given to plaintiff for the first premiums thereon, which were duly receipted for by the company, furnishing a full consideration for the note in plaintiff's hands, if the policies were in fact then in force. The agreement as to the loan and the effect it should thereafter have upon the note and policies was clearly collateral to the contract as embodied in the note and the policies. If any condition attached to the note and policies, it was a condition subsequent, which was to render them null and void. This condition, if any, was the failure of plaintiff to perform an agreement to procure a loan void for uncertainty, as we have seen. Defendant retained the policies until the expiration of a year, during all of which time he was insured for $100,000. He had full consideration for the note. The condition subsequent, upon which the note was to be returned and the policies surrendered, did not arise, because a failure to perform a void agreement furnishes nothing upon which failure to perform a condition can be predicated.

An authority as to effect upon the validity of a promissory note of a condition precedent and a condition subsequent is the case of Jamestown Business Ass'n v. Allen, 172 N. Y. 291, 296, 64 N. E. 952, 954, 92 Am. St. Rep. 740. The court says:

"It is obvious therefore that there is a radical distinction between a conditional delivery, which is not to become complete and effective until the happening of some condition precedent, and a complete delivery like the one at bar, which is sought to be defeated by subsequent contingencies that may or may not arise. In the one case there is no contract until the condition has

been complied with; in the other there is a binding contract notwithstanding the happening of the contingency relied upon to defeat it."

What the agreement between the plaintiff and defendant actually was must be gathered alone from the policies, receipts, and notes, and the testimony of plaintiff, which is, of course, not disputed, except as it is to some extent self-contradictory. It was for the court therefore to pass upon the interpretation of the contract thus established. No apparent question of fact was presented requiring determination by the jury. The court's disposition of the case as one presenting only a question of construction was proper, and his direction of a verdict for plaintiff was warranted.

Other exceptions to the rulings of the court on the trial present no error. One especially relied on is to the court's refusal to permit defendant to give the conversation between Marvin and himself at the time the renewal notes were given. This testimony might have been properly admissible under the circumstances, had not defendant's counsel by his statement, when the testimony was offered, that he did not propose to show thereby that there was any new agreement, clearly admitted that the evidence was not material to the issue; the renewal notes being, of course, subject to all the defenses which might have been available against the original.

Another exception to the court's ruling in striking out testimony as to conversations defendant had with Larabee and Marvin is not available for the reason that it does not appear what particular portions of that testimony were in fact removed from the record, and the limitation of the court in directing what should be stricken out to those declarations only, which the evidence does not show were authorized by Smith, or called to his attention, was proper. What portion of the evidence thus stricken out does not appear. No other exception requires attention.

Judgment affirmed, with costs. All concur, except McLENNAN, P. J., and KRUSE, J., who dissent.