(69 Misc. Rep. 494.)

EQUITABLE TRUST CO. OF NEW YORK v. NEWMAN.

(City Court of New York, Trial Term.   October, 1910.)

1. BILLS AND NOTES (§ 150*)—NOTE—NATURE AND FORM OF THE INSTRUMENT—
   "PROMISSORY NOTE."
   An instrument, in the general form of a letter, addressed to H. and
   signed by N., which acknowledged the receipt of an insurance policy, re-
   quested that it be placed in force, and then used these words, "I promise
   to pay you, or your order, the first annual premium, amounting to $634.-
   60, as follows," etc., is a "promissory note," within Negotiable Instru-
   ments Law (Laws 1897, c. 612) § 320, defining a negotiable promissory
   note as an unconditional promise in writing, made by one person to an-
   other, signed by the maker, and engaging to pay on demand, or at some
   future or determinable time, a sum certain in money to order or bearer.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 55, 374–
   379, 405, 406; Dec. Dig. § 150.*

   For other definitions, see Words and Phrases, vol. 6, pp. 5676–5681;
   vol. 8, p. 7767.]

2. INSURANCE (§ 141*)— CONTRACT — WAIVER OF CONDITIONS — DELIVERY OF
   POLICY WITHOUT PAYMENT OF PREMIUM.
   A delivery of a life insurance policy by the agent, without payment of
   the premium, waives any defense the insurer would have because of non-
   payment, and the contract becomes a binding one, so that an action for
   the premium could not be defeated upon the ground of lack of considera-
   tion.

   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 141.*]

3. BILLS AND NOTES (§ 164*)—NEGOTIABLE INSTRUMENT—CONDITIONAL PROM-
   ISE.
   An instrument in the general form of a letter, containing a promise to
   pay an insurance premium in certain installments, and requesting and
   authorizing the receiver to place the policy in force, is not such a con-
   ditional promise as to render it nonnegotiable, for Negotiable Instru-
   ments Law (Laws 1897, c. 612) § 22, provides that a promise is uncondi-
   tional, even though coupled with an indication of the fund out of which
   payment is to be made, or a statement of the transaction giving rise to
   the instrument.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 411–417;
   Dec. Dig. § 164.*]

4. EVIDENCE (§ 437*)—BILLS AND NOTES—CONDITIONS—SUBSEQUENT REBATES
   —PAROL EVIDENCE.
   Where a note was given for an insurance premium, upon consideration
   of a promise by the agent that he will give a rebate, parol evidence
   thereof is not admissible to show the transaction to be illegal, because
   the promise of a rebate was a condition subsequent.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2025–2028;
   Dec. Dig. § 437.*]

5. INSURANCE (§ 184*)—REBATES—NOTES—INVALIDITY.
   Insurance Law (Laws 1892, c. 690) § 89, prohibiting discrimination or
   the giving of rebates by insurance companies, and providing for the
   punishment of persons receiving or giving them, or making discrimina-
   tions in insurance, neither expressly nor impliedly avoids a contract or
   note given in payment for an insurance policy on which a rebate has been
   allowed.

   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 184.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Equitable Trust Company of New York against Charles A. Newman. Judgment for plaintiff, and defendant moves for a new trial. Denied.

Robert E. McLear, for plaintiff.
Kauffman & Herzberg, for defendant.

FINELITE, J. At the close of the case the jury, having rendered their verdict in favor of the plaintiff by direction of the court for the sum of $271, inclusive of interest, the defendant, immediately after rendition of said verdict, made a motion for a new trial on all the grounds stated in section 999 of the Code of Civil Procedure, except that the verdict was for insufficient damages. The court entertained said motion.

It appears from the facts herein that the action was predicated upon a written instrument, dated December 19, 1903, signed by the defendant, and which came into the hands of the plaintiff for value on or between the 28th and 31st days of December, 1903, which instrument reads as follows:

"New York, December 19, 1903.

"Mr. Archibald C. Haynes, General Agent, The Equitable Life Assurance Society, No. 25 Broad street, N. Y.—Dear Sir: I hereby acknowledge having received from Mr. Geo. Schlessinger policy No. 1,288,163, being for $20,000-$^{00}/_{100}$ on my life in the Equitable Life Assurance Society. You are authorized and requested to place the said policy in force from this date, and I promise to pay you or to your order the first annual premium, amounting to $634.60, as follows: Cash paid to Geo. Schlessinger, $234.60; April 15, 1904, $200; September 15, 1904, $200; total, $634.60.

"Very truly yours,                              Charles A. Newman."

Subsequent to delivery, as appears from the indorsement thereon, a credit or payment was made as follows: "Cr. $100$^{00}/_{100}$." The defendant admits by his answer that he paid this sum of $100 on August 10, 1904, and alleges that said cause of action did not accrue within six years next preceding the commencement of this action, and for a further defense that one George Schlessinger was an agent for Archibald C. Haynes, the latter named the general agent for the Equitable Life Assurance Society, and that the said Schlessinger induced said defendant to take out a policy in said company for the sum of $20,-000 on his life, and promised and agreed to allow a rebate to said defendant upon the premium amounting to the sum of $234.60, and further promised and agreed to have the said policy canceled after its issuance and before any further sum was paid thereon; that thereupon the said defendant signed the instrument as aforesaid and delivered it to said Schlessinger; that on August 10, 1904, the said Schlessinger stated to this defendant that said society had demanded from said Schlessinger payment of the remainder of the premium on said policy; that said defendant paid him the sum of $100 (being the sum credited on the back of said instrument, as aforesaid) upon the express agreement and understanding that said payment was in full cancellation and discharge of any liability of this defendant in respect to said policy, and that the same should be forthwith canceled; that it was provided in and by the terms of said policy that the same should not take effect

until payment by the defendant of the first premium thereon, and that the first premium was never paid. On the trial of said action the defendant, at request of the plaintiff, produced the policy of the Equitable Life Assurance Society, which was issued to him in pursuance to the above instrument, which policy and defendant's check for the sum of $100 were offered and marked in evidence. Plaintiff further proved that the first year's premium, amounting to the sum of $634.60, was paid to the Equitable Life Assurance Society by Archibald C. Haynes, and that said policy was in full force for the period of one year, and that said instrument was transferred to the plaintiff herein for its full value.

Defendant's motion for a new trial is based upon these grounds: First, the statute of limitations; second, that the entire transaction was void as being in violation of the law of this state prohibiting rebates; third, want of consideration, because the policy was never in force; fourth, that the instrument sued upon was not negotiable, but a mere chose in action. Plaintiff admitted the first defense, and on the trial reduced its claim to the last payment due under said instrument, to wit, $200.

Taking up the other defenses in their inverse order, and addressing myself to the instrument as to its negotiability—whether in form it is a negotiable instrument for the payment of the premium on said policy, or whether it is a chose in action and open to all equities as between the original parties—it is not disputed that said instrument came lawfully into the hands of the plaintiff, within a few days after it was signed, for the full consideration mentioned therein. Said instrument was complete and regular on its face, and taken by plaintiff in good faith and for value, and at the time it was negotiated plaintiff had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. "A negotiable promissory note, within the meaning of this act (Negotiable Instrument Law [Laws 1897, c. 612] § 320), is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand or at fixed or determinable future time a sum certain in money to order or bearer." By the reading of the instrument under consideration it is a written promise to pay to Archibald C. Haynes, general agent, or to his order, the sum of $634.60 at the times fixed therein, and the consideration therefor is the policy of life insurance issued by the Equitable Life Assurance Society on the life of said defendant, which he in said instrument acknowledged receiving. The receipt of the policy is the consideration for the promise to pay said premium, and the promise to pay said premium in installments is expressed and fixed in said instrument.

In Chase v. Behrman, 1 City Ct. Rep. 352, the plaintiff in that case declared upon the following instrument as a promissory note:

"$84.00.                              N. Y., December 1st, 1879.

"I promise to pay to the order of L. S. Chase, manager, seven dollars monthly, in the following manner, to wit: Seven dollars five days after date and seven dollars on the first day of each succeeding month for twelve months from date, for the privilege of advertising purposes of one panel, each 7x22 inches, in 20 cars of the Second Avenue Railroad Company, in the city of New York, for the term of one year from date.        H. F. Behrman."

McAdam, J., said:

"The instrument sued upon is a promissory note. It is payable absolutely and at all events. The words 'for the privilege of advertising purposes,' etc., are a mere statement of the consideration, and do not make the payment of the note depend upon the contingency whether the defendant availed himself of the privilege or not. Frank v. Wessels, 64 N. Y. 155; Mott v. Havana Bank, 11 Wkly. Dig. 96; Hodges·v. Shaler, 22 N. Y. 114. If the consideration of the note, without any fault of the defendant, failed, this was matter of defense, which should have been pleaded; for it cannot be inferred that the privilege was not worth all the defendant promised to pay for it, or that the plaintiff was unable to confer it. The nature of the instrument sued upon implies that these preliminary considerations were determined prior to its delivery."

On further appeal to the New York Common Pleas (Chase v. Behrman, 10 Daly, 344, General Term), Beach, J., after stating the facts, said:

"A promissory note is 'a written engagement by one person to pay another person therein mentioned, absolutely and unconditionally, a certain sum of money at a time specified therein.' The writing sued upon is certainly that and nothing more. The clause expressing a consideration for the defendant's undertaking in no way qualifies his promise, or renders it otherwise than absolute and unconditional. If, instead of those words, it had said 'for a horse' or 'for value received,' the contract would be unchanged. The instrument contains no undertaking by the payee to do anything whatever. * * * There is no covenant on the part of the plaintiff here to furnish the panels, and the payment by the defendant of the money is neither in terms nor by law made dependent upon his so doing. The advertising privilege is the consideration expressed, but failure therein is only matter of defense. Promissory notes are presumed to be founded upon a valid consideration, and its absence by virtue of this legal presumption is a defense to be pleaded by answer."

In Chase v. Seun, 7 N. Y. Supp. 65, was an instrument sued upon and executed by defendant in these words:

"I promise to pay to the order of L. S. Chase, $108.00 in the following manner, to wit: Nine dollars twenty days after date and nine dollars on the 29th day of each succeeding month for twelve months from date, for the privilege of advertising purposes in one panel, each 7x22 inches, in 15 cars of the Broadway & Seventh Avenue Railroad Company, in the city of New York, for a period of one year."

It was held, per curiam:

"It is conceded that the instrument sued upon is a promissory note. This was so decided in this court upon a similar instrument. Chase v. Behrman, 1 City Ct. Rep. 352. The consideration was declared on its face to be for the privilege of advertising purposes of one panel, each 7x22 inches, on the Broadway & Seventh Avenue Railroad Company, in the city of New York, for the period of one year. The note implies that, the plaintiff having given the defendant the privilege, it [the note] was given in payment for the license. The effective giving of the privilege was not a condition subsequent, but an act concurrent with the giving of the note, for which regularly each month thereafter installments were to be paid until the entire obligation was discharged. * * * The plaintiff was entitled to recover upon the mere production of the note."

In Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487, deceased made an instrument in his lifetime as follows:

"Brooklyn, February 8, 1871.

"One year after my ˝death I hereby direct my executors to pay to Joseph Hegeman, his heirs, executors or assigns, the sum of $1,976 ⁰⁰/₁₀₀, being the

balance due him for cash advanced at various times by him to Adrian Hege-man, my son, and others, as per statement rendered by him this day, without interest.                                          Cornelia W. Hegeman."

It was held on demurrer that the instrument was a promissory note, and that imported an indebtedness of the maker to plaintiff which was unaffected by the statement that it was for advances made to the son and others; that the direction as to payment was in the nature of a promise of payment at the time specified.

In Hickok v. Bunting, 92 App. Div. 167,[1] affirming a judgment in favor of plaintiff, the action was upon an instrument in the nature of a promissory note, as follows:

"New York, December —, 1903.

"Having been cause of money loss to my friend, Geradine H. Hickok, I have given her three thousand dollars. I hold this amount in trust for her, and one year after date or thereafter on demand I promise to pay to the order of Geradine H. Hickok, her heirs or assigns, three thousand dollars, with interest.                                                    Ella F. Bunting."

O'Brien, J., writing the opinion, in part says:

"On the trial of this action the plaintiff, after proving the signature of the maker and the amount of the interest due, and relying upon the presumption of delivery from possession of the note, offered it in evidence and rested. The defendants moved to dismiss the complaint, and upon denial of their motion excepted, and then in turn rested; and the plaintiff having moved for a direction in her favor, the motion was granted, and to this ruling the defendants excepted. * * * Following the declaration of trust the instrument contains a promise to pay, one year after date or on demand, to the order of the plaintiff, her heirs or assigns, $3,000 with interest. There are no words of limitation of this promise in the language preceding it. The promise to pay is express, and is to the order of the payee, and contains every essential element to constitute a promissory note as defined by Negotiable Instruments Law (Laws 1897, c. 612) § 320, and by authority of Carnwright v. Gray, 127 N. Y. 92 [27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424]."

In the course of the opinion the court, in extenso, referred to Hegeman v. Moon, supra, as being analogous to the case under consideration.

In answering the third ground of defendant's motion—that is, want of consideration because the policy was never in force—the defendant admits he received the policy, as appears from said instrument, which was the consideration for his promise to pay. Said policy could be enforced against said Equitable Life Assurance Society on the happening of the event as described and provided in said policy within the year from its delivery, irrespective of the payment of the premium before the time stated in said instrument. It was a binding policy on the Equitable Life Assurance Society, and by the delivery of the policy to the defendant by the agent said society waived any defense that it would have to said policy in case of the death of the assured by reason of the nonpayment of the entire premium. In Boehm v. Williamsburgh City Ins. Co., 35 N. Y. 131, 90 Am. Dec. 787, the policy contained a printed clause that said policy should not be binding until the premium was paid, yet it was held that the delivery by the agent of the policy without exacting payment of the premium operated as a waiver on the part of the company; and in Bodine

[1] 86 N. Y. Supp. 1059.

v. Exchange Fire Ins. Co., 51 N. Y. 117, 10 Am. Rep. 566, a similar condition appeared in the policy, and yet it was held it could be waived by parol by an agent, or that such waiver may be inferred from circumstances. To the same effect, see Trustees v. B'klyn Fire Ins. Co., 19 N. Y. 305; Sheldon v. Atlantic Fire Ins. Co., 26 N. Y. 460, 84 Am. Dec. 231; Whited v. Germania Fire Ins. Co., 76 N. Y. 415, 32 Am. Rep. 330; Hastings v. B'klyn Life Ins. Co., 138 N. Y. 473, 34 N. E. 289; Forward v. Continental Ins. Co., 142 N. Y. 382, 37 N. E. 615, 25 L. R. A. 637; Wood v. Am. Ins. Co., 149 N. Y. 383, 44 N. E. 80, 52 Am. St. Rep. 733.

The assertion of the defendant that the clear intention of the instrument was that something further was to be done by Haynes after the defendant had received the policy so as to place it in force, and that on condition of that being done the defendant would pay, and that promise was clearly conditional. The defendant's admission of the acknowledgment of the policy was the consideration for the instrument, and the conditions therein expressed did not in any manner affect the negotiability of said instrument, for the reasons expressed in section 22 of the negotiable instrument law, which reads that an unqualified order or promise to pay is unconditional within the meaning of this chapter, though coupled with an indication of a particular fund out of which reimbursement is to be made or a particular account to be debited with the amount, or a statement of the transaction which gives rise to the instrument.

Eaton and Gilbert on Commercial Paper, at page 183, states the rule as follows:

"The mere fact that the consideration for which a note is given is recited in it, although it may appear thereby that it was given for or in consideration of an executory contract or promise on the part of the payee, will not destroy its negotiability, unless it appears through the recital that it qualifies the promise to pay and renders it conditional and uncertain either as to time of payment or the sum to be paid."

The further contention made by the defendant that parol evidence would be admissible for the purpose of showing the illegality of the transaction as to the promise made by Schlessinger in reference to rebates was clearly incompetent, as was held in Smith v. Dotterweich, 132 App. Div. 489, 116 N. Y. Supp. 896. It was held:

"Where an insurance agent induced a person to take out a policy on his promise to procure a loan thereon, and no time for the duration of the loan was agreed upon, the contract to procure the same is void for uncertainty. When, pursuant to such agreement, the insured gave a note to the agent in payment of the first premium he is liable thereon, although the agent failed to perform his contract to procure the loan on the policy. This because the delivery of the policy and a receipt by the insurer for the premium were a full consideration for the execution of the note, and the procuring of the loan by the agent was not a condition precedent to the insurance, but, on the contrary, was a condition subsequent. Where the facts are not disputed the interpretation of a contract is for the court."

The court said:

"The policies were accepted by the defendant under this arrangement, and the note given to plaintiff for the first premium thereon, which was duly receipted for by the company, furnishing a full consideration for the note in

plaintiff's hands, if the policies were in fact then in force. * * * The agreement as to the loan and the effect it should thereafter have upon the note and policies was clearly collateral to the contract as embodied in the note and the policies. If any condition attached to the note and policies, it was a condition subsequent, which was to render them null and void. This condition, if any, was the failure of plaintiff to perform an agreement to procure a loan void for uncertainty, as we have seen. Plaintiff retained the policies until the expiration of a year, during all of which time he was insured for $100,000. He had full consideration for the note. The condition subsequent upon which the note was to be returned and the policies surrendered did not arise, because a failure to perform a void agreement furnished nothing upon which failure to perform a condition can be predicated."

An authority as to the effect upon the validity of a promissory note of a condition precedent and a condition subsequent is the case of Jamestown Business College Ass'n v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740. The court says:

"It is obvious, therefore, that there is a radical distinction between a conditional delivery, which is not to become complete and effective until the happening of some condition precedent, and a complete delivery like the one at bar, which is sought to be defeated by subsequent contingencies which may or may not arise. In the one case, there is no contract until the condition has been complied with; in the other, there is a binding contract notwithstanding the happening of the contingency relied upon to defeat it. * * * It was for the court, therefore, to pass upon the interpretation of the contract thus established. No apparent question of fact was presented requiring determination by the jury. The court's disposition of the case as one presenting only a question of construction was proper, and his direction of a verdict for plaintiff was warranted."

The plaintiff cites Zeller v. Leiter, 189 N. Y. 361, 82 N. E. 158, Grant v. Walsh, 145 N. Y. 502, 40 N. E. 209, 45 Am. St. Rep. 626, Vosburgh v. Diefendorff, 119 N. Y. 357, 23 N. E. 801, 16 Am. St. Rep. 836, Cunningham v. Scott, 90 Hun, 410, 35 N. Y. Supp. 881, Brown v. Brown, 34 Barb. 533, with a number of others, as being directly in point. From examination of these authorities it will be found that they apply to the admissibilty of parol testimony in attacking an instrument, for the purpose of showing its illegality, and for the purpose of showing in addition that the instrument was tainted with fraud, or illegally and feloniously obtained from its maker, and that its inception was fraudulent, all of which does not apply to the case at bar.

The remaining ground of defendant's motion to be considered is: Is the entire transaction void as being in violation of the law of this state prohibiting rebates by an agent in soliciting life insurance? Under the insurance law as it stood enacted in the year 1903, in reference to the allowance of rebates, I find that it fails to contain any express or implied provisions that a contract made or note given in payment for insurance premiums would be void or uninforceable in a case where a rebate had been allowed. Chapter 690, § 89, Laws 1892. I have concluded, after due deliberation, that the instrument in question is a negotiable promissory note.

The motion for a new trial must therefore be denied. So ordered.