### EQUITABLE TRUST CO. OF NEW YORK v. HOWE.

(Supreme Court, Appellate Term. May 4, 1911.)

1. EVIDENCE (§ 422*)—PAROL EVIDENCE—EXPLAINING NATURE.
   Oral testimony is admissible to show that the note sued on was not intended to come into existence as a contract.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1953–1956; Dec. Dig. § 422.*]

2. CONTRACTS (§ 349*)—ACTIONS—ADMISSION OF EVIDENCE.
   The fact that a party shows no good reason why the contract which he alleges was executed does not prevent him from offering evidence to support his claim; it going merely to the probability of its execution.
   [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 349.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BILLS AND NOTES (§ 164*)—NEGOTIABLE NOTES—CONDITIONAL PAYMENT.

The instrument sued on was in the form of a letter addressed to H., general agent of an insurance company, and recited that defendant acknowledged receiving a life policy, and that H. was authorized and requested to pay the amount of the first premium for him in order to put the policy in effect, and that defendant promised to pay to H., or his order, the amount so advanced, "to wit, $70.84," on dates stated. *Held,* that the instrument was not a negotiable promissory note, defendant's obligation to pay being contingent upon H.'s payment of the first premium of the policy; and that H. in fact paid the premium did not make it negotiable, since its negotiability must be determined from its face.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 411–417; Dec. Dig. § 164.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Equitable Trust Company of New York against William J. Howe. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, J.

Robert E. McLear (Herbert G. McLear, of counsel), for appellant. George B. Hayes (Anthony P. Hodgins, of counsel), for respondent.

SEABURY, J. This appeal brings up two questions for review: First, whether it was competent for the defendant to prove the oral agreement pursuant to which the note was delivered; and, secondly, whether the note itself is negotiable. [1] While the evidence offered by the defendant seems very meager and incomplete, it was nevertheless sufficient in my judgment to raise the issue as to whether, at the time the note was given, it was agreed that it would not have effect as a contract. The testimony offered by the defendant put in issue the question as to whether or not the note ever came into existence as a legal obligation. As was well said by Werner, J., in Smith v. Dotterweich, 200 N. Y. 299, 93 N. E. 985, 987:

"When the oral testimony goes directly to the question whether there is a written contract or not, it is always competent; but when the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written compact."

The opinion in Smith v. Dotterweich, supra, is not only valuable because of the clearness with which the rule is stated, but it prevents a misinterpretation of the case of Jamestown Business College Association v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740. Referring to that case, Werner, J., said:

"There the promissory note was rendered effective and complete by an unconditional delivery. The payee agreed to release the maker, and to cancel the note, upon a future contingency, which might or might not arise. That was clearly a condition subsequent, which brought the case within the general rule that a contract, reduced to writing and complete in its terms, cannot be varied or contradicted by oral testimony."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

129 N.Y.S.—8

[2] The fact that the defendant showed no good reason why the agreement which he alleges was made goes to the probability of his claim, but does not preclude him from offering evidence in support of it.

[3] Although the court below has found that the note was not intended, as between the parties to it, to have effect as a legal obligation, it nevertheless becomes necessary to determine whether the note itself is negotiable and therefore good in the hands of plaintiff. The following is a copy of the note:

"Mr. Archibald C. Haynes, General Agent, The Equitable Life Assurance Society, 25 Broad St., New York—Dear Sir: I hereby acknowledge having received from Mr. W. B. Selden policy No. 1,320,065, being for $2,000 on my life in the Equitable Life Assurance Society. You are authorized and requested to pay the amount of the first premium for me upon said policy in order to place the same in force from this date, and I promise to pay to you or to your order the amount so advanced, to wit, $70.84, as follows: Cash, $30.84; on May 1st, 1904, $10.00; on June 1st, 1904, $10.00; on July 1st, 1904, $10.00; on August 1st, 1904, $10.00. Total, $70.84.

"Very truly yours,                    William J. Howe."

An examination of the note reveals the fact that the maker's obligation to pay arises only in the event that Archibald C. Haynes, the general agent, should pay the amount of the first premium upon the policy in order to place the same in force. If Haynes should not pay the first premium, the defendant's obligation to pay would not come into existence. The note, therefore, was not payable absolutely and at all events, and thus lacks an element essential to negotiability. It is immaterial, upon this question, that the plaintiff claims that Haynes paid the first premium.

The question as to whether the note in suit is negotiable must be determined from an inspection of the note. The note having been delivered upon the express condition that it should never have effect as a note, and that the defendant should incur no liability in signing it, and not being negotiable, it follows that the plaintiff cannot recover upon it.

The judgment should be affirmed, with costs.

BIJUR, J., concurs.

LEHMAN, J. I dissent, on the ground that I believe the condition proven was a condition subsequent.