### EQUITABLE TRUST CO. OF NEW YORK v. NEWMAN.

(Supreme Court, Appellate Term.　May 4, 1911.)

1. BILLS AND NOTES (§ 164*)—NEGOTIABLE INSTRUMENT.

An instrument in the form of a letter from N. to H., general agent of a life insurance company, acknowledging receipt from S. of a policy on N.'s life, authorizing H. to place the policy in force from date of letter, and concluding, "I promise to pay you or your order the first annual premium, amounting to * * * as follows," is to be treated as not intended

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be a present unconditional engagement, but as conditional on the agent performing his part of the contract, and so is not a negotiable instrument.

.[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 164.*]

2. INSURANCE (§ 184*)—REBATES—ENFORCEMENT OF CONTRACT.

A contract to pay a certain amount as premium for a life policy, rebate of part of the premium being provided for, cannot be enforced; Insurance Law (Consol. Laws 1909, c. 28) § 89, prohibiting rebating, being in force when the contract was made, and giving rebates being made a misdemeanor by Laws 1889, c. 282 (now Penal Law [Consol. Laws 1909, c. 40] § 1191).

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 184.*]

Appeal from City Court of New York, Trial Term.

Action by the Equitable Trust Company of New York against Charles A. Newman. From a judgment on a verdict directed for plaintiff, and from an order denying a motion for new trial (69 Misc. Rep. 494, 127 N. Y. Supp. 243), defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Kauffman & Herzberg (Leon Kauffman and Joseph Herzberg, of counsel), for appellant.

McLear & McLear (Robert E. McLear, of counsel), for respondent.

LEHMAN, J. The plaintiff has brought suit, alleging that it is the holder for value of a note made by the defendant. The answer contains a general denial and several affirmative defenses, setting forth that the instrument was signed and delivered to an agent of the general agent of the Equitable Life Assurance Society, upon his promise to allow the defendant a rebate of $234, and his promise to have the said policy canceled after its issuance.

At the trial the plaintiff introduced in evidence the following instrument:

"New York, December 19, 1903.

"Mr. Archibald C. Haynes, General Agent, The Equitable Life Assurance Society, No. 25 Broad Street, N. Y.—Dear Sir: I hereby acknowledge having received from Mr. Geo. Schlesinger policy No. 1,288,163, being for $20,000, on my life, in the Equitable Life Assurance Society. You are authorized to place the said policy in force from this date, and I promise to pay you or your order the first annual premium, amounting to $634.60, as follows:

| | |
|---|---:|
| Cash paid to Geo. Schlesinger | $ 234 60 |
| April 15th, 1904 | 200 00 |
| Sept. 15th, 1904 | 200 00 |
| | $ 634 60 |

"Very truly yours,                    Charles A. Newman."

And he gave testimony that it was a holder for value. The defendant then tried to show that at the time the instrument was signed and delivered the agent promised to allow him a rebate of $234, and that this amount was credited on the amount payable under the instrument. This evidence was excluded, on the ground that it tended to vary a

written instrument, and that in any event no such defense would be available against a holder for value of a negotiable instrument.

Upon a motion to set aside the verdict the trial justice rendered a careful decision, sustaining his view that the instrument constitutes a negotiable instrument. See Equitable Trust Co. v. Newman, 69 Misc. Rep. 494, 127 N. Y. Supp. 243. But in spite of the authorities cited therein I am unable to concur in his conclusion. Those authorities, when analyzed, merely hold that, where an unconditional promise to pay is coupled with a statement of the circumstances out of which the indebtedness arose or of the consideration for the indebtedness, such statement does not render the promise to pay conditional, or deprive an instrument having all the elements of a negotiable instrument of its negotiable character. The principle underlying all these cases is well set forth in the case of Davis v. McCready, 17 N. Y. 230, at page 232, 72 Am. Dec. 461:

> "If one will issue his negotiable paper and send it into the world in consideration of an engagement of the party with whom he deals to do some act for his benefit in future, he declares in effect that he will pay the note or bill according to its terms to any one who shall become the holder for value in the course of business and rely for his own indemnity upon the promise he has received as the consideration for issuing it."

[1] The mere fact that an instrument in negotiable form, promising absolutely to pay a sum of money, contains a statement of a future consideration, does not render the promise conditional upon the due performance and receipt of the future consideration. In this case, however, the instrument signed by the defendant is in the form of a letter, and not of a note. It recites the receipt of a policy of insurance, and gives the agent authority to make the policy effective, and by fair construction it is not intended to be a present unconditional engagement, but is conditional upon the agent performing his part of the contract. While no special form is necessary to render an instrument negotiable, in this case the fact that the instrument is not in the usual form of mercantile paper, and does not appear to have been intended to pass as such, must be considered upon the question of whether the defendant intended to make an unconditional promise, and is one strong point of difference from the cases relied on by the respondent. It seems to me that, when the defendant signed this contract, he simply agreed to reimburse the general agent for advance payment of premium, and that any person reading the instrument could well understand that its sole intent was to embody in writing the defendant's future obligation under the contract with the agent, and that this obligation, as in other executory contracts, was dependent upon due performance by the other party.

[2] The respondent claims that, even if the instrument was not negotiable, proof that the agent agreed to give the defendant a rebate of $234 would constitute no defense as between the original parties. At the time the letter was signed and the contract was made rebating was forbidden under section 89 of the insurance law. That section did not in terms declare a contract for a rebate void, but the act of giving rebates was made a misdemeanor by chapter 282 of the Laws of 1889, now section 1191 of the Penal Law, and the courts should

not enforce a contract which is not only forbidden by the statute, but which constitutes a penal offense. Section 89 does not, as claimed, provide a specific penalty for giving a rebate, which should be considered exclusive. It simply provides the manner in which the Superintendent of Insurance may restrain future disobedience. The agent could not enforce the contract, and his assignee takes subject to all the defenses against him.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.