### EQUITABLE TRUST CO. OF NEW YORK v. TAYLOR.

(Supreme Court, Appellate Division, Second Department. October 6, 1911.)

1. BILLS AND NOTES (§ 144*)—"NEGOTIABLE INSTRUMENT"—STATUTORY PROVISIONS—"UNCONDITIONAL PROMISE TO PAY."

Under Negotiable Instruments Law (Laws 1897, c. 612) § 20, which provides that an instrument, to be negotiable, must be in writing and signed by the maker or drawer, must contain an unconditional promise or order to pay a sum certain in money, must be payable on demand at a fixed or determinable future time, and must be payable to order or to bearer, and section 22, which declares that "an unqualified order or promise to pay is unconditional within the meaning of this act, though coupled with * * * a statement of the transaction which gives rise

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the instruments," an instrument in the form of a letter, addressed to the general agent of an insurance company, dated April 19, 1905, which, after acknowledging receipt of a life insurance policy, requested him "to place the said policy in force from this date, and I promise to pay you or your order the first annual premium, amounting to $53.10, as follows:

| | |
|---|---:|
| Cash paid W. E. Watts | $21.24 |
| On July 10th, 1905 | 10.00 |
| On Sept. 10th, 1905 | 10.00 |
| On Nov. 10th, 1905 | 11.86 |
| | $53.10 |

"Arthur N. Taylor"

—is a "negotiable instrument"; the mere fact that its language shows that the consideration for the promise was an indebtedness for an unpaid balance of a premium upon a policy of insurance upon defendant's life which had been delivered to him not operating to make it nonnegotiable, under the statute or the customs and usages of merchants.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 144.*

For other definitions, see Words and Phrases, vol. 5, pp. 4767–4770; vol. 8, pp. 7731, 7755.]

2. BILLS AND NOTES (§ 164*)—INSTRUMENTS NEGOTIABLE—CONDITION IN INSTRUMENT.

An instrument, in the form of a letter addressed to the general agent of an insurance company, dated April 19, 1905, and which reads: "I hereby acknowledge having received from Mr. W. E. Watts policy No. 1447474, being for $1,000.00, on my life, in the Equitable Life Assurance Society. You are authorized and requested to place the said policy in force from this date"—followed by a promise for the payment of money, does not make the promise conditional upon some act to be performed by the general agent, where the policy had been previously delivered to the promisor without condition or qualification, but the request is to be treated as surplusage.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 164.*]

3. INSURANCE (§ 137*)—VALIDITY OF CONTRACT—PAYMENT OF PREMIUMS.

Where a life insurance policy has been delivered to the insured with the authority of the insurer's general agent, it immediately becomes a binding contract, enforceable in favor of the insured, even if the premium has not been actually received by the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 231–245; Dec. Dig. § 137.*]

4. BILLS AND NOTES (§ 363*)—BONA FIDE PURCHASER—HOLDER IN DUE COURSE.

A holder in due course, as defined by Negotiable Instruments Law (Laws 1897, c. 612) § 91, holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and under section 96 may enforce payment of the instrument for the full amount thereof against all parties liable thereon.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 790, 791; Dec. Dig. § 363.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by the Equitable Trust Company of New York against Arthur N. Taylor. From a judgment for plaintiff, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before BURR, THOMAS, CARR, WOODWARD, and RICH, JJ.

H. F. Lawrence, for appellant.

Robert E. McLear (Herbert G. McLear, on the brief), for respondent.

BURR, J.   On April 19, 1905, defendant executed and delivered to Archibald C. Haynes, general agent of the Equitable Life Assurance Society, an instrument in the following form:

"New York, April 19, 1905.

"Mr. Archibald  C. Haynes, General Agent, The Equitable Life Assurance Society, No. 25 Broad street, N. Y.—Dear Sir: I hereby acknowledge having received from Mr. W. E. Watts policy No. 1447474, being for $1,000.00, on my life, in the Equitable Life Assurance Society.  You are authorized and requested to place the said policy in force from this date, and I promise to pay you or your order the first annual premium, amounting to $53.10, as follows:

| | |
|---|---:|
| Cash paid W. E. Watts | $21.24 |
| On July 10th, 1905 | 10.00 |
| On Sept. 10th, 1905 | 10.00 |
| On Nov. 10th, 1905 | 11.86 |
| | $53.10 |

"Very truly yours,                    Arthur N. Taylor."

It appears from the agreed statement of facts that prior to that date defendant had signed a written application for a policy of insurance upon his life in the Equitable Life Assurance Society for the sum of $1,000, the annual premium upon which was to be $53.10, and that he had been examined by a physician from said society and the risk accepted.   It also appears that on or before the date of the instrument in suit the full amount of the first premium had been paid by Archibald C. Haynes to the Equitable Life Assurance Society, and that on that date the policy of insurance was delivered to defendant and is still in his possession.   W. E. Watts, at whose request defendant had signed the application for insurance, had agreed to allow to him a rebate of $21.24 on the first premium.   The item of $21.24 mentioned in said instrument represents the rebate, and never was actually paid in cash to Watts by defendant.   Said instrument was transferred and delivered to plaintiff for a valuable consideration prior to July 10, 1905, and without notice that the cash payment of $21.24, mentioned therein, had not actually been paid.   Such instrument was transferred and delivered to plaintiff for its full value, and the plaintiff is now the owner and holder thereof.   From a judgment in its favor for $31.86, being the amount of the installments which became due after the purchase of this instrument by plaintiff, defendant appeals.

[1] The first question in the case is whether this instrument is negotiable in character.   We think that it is.

"An instrument to be negotiable must conform to the following require-ments: 1. It must be in writing and signed by the maker or drawer; 2. Must contain an unconditional promise or order to pay a sum certain in money; 3. Must be payable on demand, or at a fixed or determinable future time; 4. Must be payable to order or to bearer; and 5. Where the instru-

ment is addressed to a drawee, he must be named or otherwise indicated. therein with reasonable certainty." Negotiable Instruments Law (Laws 1897, c. 612) § 20.

Eliminating the fifth requirement, which is not applicable, since this instrument is not addressed to a drawee, each of the other require-ments appear therein. It is in writing, and signed by the defendant, who made the same. It is payable to Archibald C. Haynes or order. It is payable at a fixed or determinable time. We think the fair mean-ing of the language used is: I promise to pay you or your order $53.10, being the annual premium on policy of life insurance, less cash paid W. E. Watts on account $21.24, to wit, $30, in three sums, of $10 each, to wit, $10 on July 10, $10 on September 10, and $10 on November 10, 1905. We think, also, that it is an unconditional prom-ise to pay this certain sum in money. The instrument contains no reference to any other method of payment, by credit or otherwise. The mere fact that it contains language from which it appears that the consideration for the promise was an indebtedness for a balance remaining unpaid of the first annual premium upon a policy of insur-ance upon defendant's life, which had been actually delivered to him, would not make it nonnegotiable, either under the "custom and usages of merchants" (Chicago Railway Equipment Co. v. Merchants' Bank, 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349; Mott v. Havana Natl. Bank, 22 Hun, 354; Third Nat. Bank v. Bowman, 50 App. Div. 66, 63 N. Y. Supp. 410; Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487), or under the statute:

"An unqualified order or promise to pay is unconditional within the mean-ing of this act, though coupled with: * * *     2. A statement of the trans-action which gives rise to the instrument." Negotiable Instruments Law, § 22.

[2] It is urged, however, that the promise to pay was not an ab-solute one, because the instrument contained the words with reference to the insurance policy, "You are authorized and requested to place the said policy in force from this date," and that therefore the promise to pay was conditional upon some act to be performed by Haynes, the general agent of the insurance company. This seems to have been the view adopted by the Appellate Term in the First Department, in a case arising upon an instrument similar in form. Equitable Trust Co. v. Newman, 72 Misc. Rep. 52, 129 N. Y. Supp. 259. With great respect to that learned court, it seems to us that the words quoted, so far from imposing a condition, may be regarded as mere surplus-age. The policy of insurance had been delivered to the defendant, as it appears, without condition or qualification, and Haynes, the general agent of the company, had paid the full amount of the premium thereon.

[3] Even if the premium had not been actually received by the company, if the policy had been delivered with the authority of its general agent, it immediately became a binding contract, enforceable in favor of the assured. Boehen v. Williamsburgh City Insurance Co., 35 N. Y. 131, 90 Am. Dec. 787; Bodine v. Exchange Fire Insurance Co., 51 N. Y. 117, 10 Am. Rep. 566; Hastings v. Brooklyn Life Ins. Co., 138 N. Y. 473, 34 N. E. 289; Wood v. American Fire Ins. Co.,

149 N. Y. 382, 44 N. E. 80, 52 Am. St. Rep. 733. Not only was there nothing which Haynes was required to do to "place the policy in force," but there was nothing which he could do after the delivery of the policy, under the circumstances here disclosed, which would prevent it from being enforceable by the assured during the life thereof.

[4] If we are right in our views as to the character of this instrument, the plaintiff, being a holder in due course (Negotiable Instruments Law, § 91), holds the same free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amont thereof against all parties liable thereon. Id. § 96.

The judgment of the Municipal Court should be affirmed, with costs. All concur.