### EQUITABLE TRUST CO. OF NEW YORK v. MADSEN.

(Supreme Court, Appellate Term. December 22, 1911.)

APPEAL AND ERROR (§ 832*)—REARGUMENT.

Where counsel for appellant was prevented from presenting his argument on the suggestion of a justice of the appellate court that the result of a case in a higher court on appeal would determine the case in controversy, made under the mistaken belief that the facts in the two cases were similar, the court, on discovery of the mistake, will order a reargument before final decision.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3215–3228; Dec. Dig. § 832.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Equitable Trust Company of New York against Mads P. Madsen. From a judgment of the Municipal Court, rendered for defendant, plaintiff appeals. Reargument ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Robert E. McLear and Herbert G. McLear, for appellant.

Franz Neilson (Wilbur F. Earp, of counsel), for respondent.

LEHMAN, J. At the beginning of the argument of these appeals I suggested to appellant's counsel that the decision of this court in these cases would depend upon the result of an appeal which was then pending in the Appellate Division from a determination of this court in the case of Equitable Trust Co. v. Newman, 72 Misc. Rep. 53, 129 N. Y. Supp. 259, and that therefore oral argument before us of the points involved in that appeal seemed to me useless. Counsel acquiesced in my suggestion, and was thereby prevented from presenting to us his argument that the instrument sued upon in this action is negotiable. I made this suggestion without examination of the record, and under the impression that the instruments in these cases were identical with the instruments sued upon in the case of Equitable Trust Co. v. Newman. After the reversal of the determination of this court in that case, I proceeded to examine this record, and I now find that the instrument sued upon in this case is quite different from the instruments before the court in the Newman Case, or in the case of Equitable Trust Co. v. Taylor, 131 N. Y. Supp. 475.

The opinion of the Appellate Division of the Second Department in the latter case is the authority upon which the Appellate Division of this department reversed the determination of this court in the Newman Case. The instrument sued upon in that case, and in the Newman Case, contained the words:

"You are authorized and requested to place the said policy in force from this date, and I promise to pay you or your order the first annual premium, amounting to $634.60, as follows."

It was my impression, and this court held, that these words constituted a conditional promise; but the Appellate Division held that the words, "You are authorized and requested to place the said policy in force from this date," may be considered as surplusage, because it appears that these policies had been previously delivered to the defendant without qualification, and the payee under these instruments had paid to the insurance company the full amount of the premium. The court there said:

"Even if the premium had not been actually received by the company, if the policy had been delivered with the authority of its general agent, it immediately became a binding contract, enforceable in favor of the assured."

In the case now under consideration the clause quoted above does not appear in the instruments, but the following words appear in their place:

"You are authorized and requested to pay the amount of the first premium for me upon said policy *in order to place the same in force* from this date, and I promise to pay to you or your order the amount so advanced," etc.

This court has held that these instruments were not negotiable in the case of Equitable Trust Co. v. Howe, 72 Misc. Rep. 46, 129 N. Y. Supp. 112, and I do not think that any reason is shown why the opinion in that case should not be followed. It seems to me that this clause cannot be considered surplusage, first, because it shows that the policy was not delivered without qualification, but was delivered upon the implied agreement that it was to be put in force upon payment of the premium; second, it shows that the payee under the instrument was made the agent of the insured for the payment of the premium to the company, and the insured would continue liable unless the agent did pay the premium to the company; third, it shows that the payment by the defendant was conditioned upon the contingency that the agent should first pay the premium to the company. It would seem, therefore, that the instrument is not negotiable, even if the agent has paid this amount, because "an instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect." Negotiable Instrument Law, § 23.

These views, however, are merely my personal views, obtained from a comparison of the two instruments. No argument has been presented, either orally or in the briefs, to meet or to support these views. Under these circumstances, I am not willing to urge this court to accept these views until the parties have had the opportunity to argue the matter, especially since they have been deprived of this opportunity by my own misunderstanding of the points involved on this appeal.

I therefore now suggest that this court order a reargument of this case before a final decision of the points involved. All concur.